Roy HUCKABAY & Lucille
Huckabay, Appellants,

v.

The IRVING HOSPITAL FOUNDATION
d/b/a Irving Health Care System,
a/k/a Irving Community Hospital, Appellee.

No. 05–90–00131–CV.

Court of Appeals of Texas,
Dallas.

Nov. 26, 1990.

Rehearing Denied Jan. 14, 1991.

Geno E. Borchardt, Constance M. Maher, Jerry K. Sawyer, Fort Worth, for appellants.

R. Brent Cooper, Teresa Bohne, Dallas, for appellee.

Before STEWART, OVARD and WHITTINGTON, JJ.

## OPINION

WHITTINGTON, Justice.

Roy and Lucille Huckabay appeal from a summary judgment granted in favor of the Irving Hospital Foundation, d/b/a Irving Health Care Systems, a/k/a Irving Community Hospital (the Hospital). The Huckabays assert that the summary judgment should not have been granted because: (1) their summary judgment evidence raised a fact issue as to the Hospital's notice of the injury to Roy Huckabay (Huckabay), and (2) their petition clearly alleged misuse of tangible personal property as the cause of injury. We find the summary judgment was not proper and remand the case to the trial court.

## FACTS

The Huckabays sued the Hospital for personal injury to Mr. Huckabay based on negligence and gross negligence. On September 29, 1987, Huckabay had surgery to reattach his sternum after heart-bypass surgery. On October 7, 1987, Huckabay went back to the Hospital for x-rays. The Hospital x-ray technician, while positioning Huckabay before the screen, pressed his chest and shoulders against the x-ray apparatus with sudden force, allegedly causing the sternum to separate. Huckabay told the x-ray technician at that time that he had hurt him. Huckabay then went directly to the office of the Hospital's chief of surgery, Dr. Gary Gosdin, and informed him that the x-ray technician had hurt him. Dr. Gosdin examined the x-ray and said he did not detect an injury. Huckabay later went to an outside doctor with a different type of x-ray equipment; the x-rays disclosed that his sternum had been reinjured. On October 27, 1989, the trial court granted the Hospital's motion for summary judgment. The Huckabays then filed three motions—a Motion for Leave to File Responses to Hospital's Late Filed Summary Judgment Affidavits, a Motion to Reconsider the Defendant's Motion for Summary Judgment and a Motion to Vacate, Modify, Correct or Reform Judgment. The trial court heard these motions on November 27, granted the Motion for Leave to File Additional Responses, but denied the other motions and affirmed its earlier decision granting summary judgment in favor of the Hospital.

## STANDARD OF REVIEW

A summary judgment is proper only when the movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. TEX.R.CIV.P. 166a(c); *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex.1972). The burden of proof is on the movant, and all doubts regarding the existence of a genuine issue of fact are resolved against the movant. *Roskey v. Texas Health Care Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex. 1982). Once the movant has established a right to the summary judgment, the non-movant has the burden to respond to the motion and present any issues that would preclude summary judgment. *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979). To receive a summary judgment on an affirmative defense, the movant must prove all elements of that defense as a matter of law. *Montgomery v. Kennedy*, 669 S.W.2d 309, 310–11 (Tex.1984).

The question for the appellate court to consider is "whether the summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to one or more of the essential elements of the plaintiff's cause of action." *Gibbs v. General Motors Corp.*, 450 S.W.2d 827, 828 (Tex.1970). As the reviewing court, we must adhere to the following standards:

1. The movant for summary judgment has the burden of showing that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law.

2. In deciding whether or not there is a disputed fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true.

3. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor.

*Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985); *Turboff v. Gertner, Aron & Ledet Invs.,* 763 S.W.2d 827, 829 (Tex.App.—Houston [14th Dist.] 1988, writ denied). We must reverse the judgment and remand the cause for a trial on the merits if the summary judgment was improperly granted. *Tobin v. Garcia,* 159 Tex. 58, 63–64, 316 S.W.2d 396, 400 (1958).

## USE OF EQUIPMENT AS CAUSE OF INJURY

■ In their sixth point of error, the Huckabays assert that the trial court erred in granting a summary judgment and argue that the Huckabays' petition did allege a cause of action, specifically a tort by the misuse of tangible personal property. In its motion for summary judgment, the Hospital alleged that the Huckabays failed to state a cause of action because there was no misuse of tangible personal property as a matter of law. It argued that the action of the x-ray technician rather than the x-ray machine caused the injury. We must review the Huckabays' pleadings to determine whether they established a valid claim or cause of action.

The Hospital is a governmental unit as defined in the Texas Tort Claims Act (TTCA). TEX.CIV.PRAC. & REM.CODE ANN. § 101.001(2)(C) (Vernon 1986). Section 101.021 of the TTCA provides as follows regarding a governmental entity's liability:

A governmental unit in this state is liable for:

. . . . .

(2) personal injury and death so caused by a condition or *use of tangible person-*

*al or real property* if the governmental unit would, were it a private person, be liable to the claimant, according to Texas law.

TEX.CIV.PRAC. & REM.CODE ANN. § 101.021 (Vernon 1986) (emphasis added).

In their second amended original petition the Huckabays said Huckabay received his injury in the following manner:

On October 7, 1987, at the request of his doctor, Mr. Huckabay returned to Irving Community Hospital for a chest x-ray. Having arrived at the hospital and having been shown into the x-ray area, Mr. Huckabay removed his shirt revealing stitches running down his chest from the recent surgery and, as he had done numerous times in the past, placed himself up against the x-ray machine as instructed. The first of two x-ray technicians came by and slightly adjusted Mr. Huckabay so as to insure the proper positioning for the taking of the x-ray. The second x-ray technician walked up to Mr. Huckabay and, instead of adjusting him to a preferable position for the procedure, *shoved Mr. Huckabay up against the x-ray apparatus with such force that it separated the recently reattached sternum.*

(Emphasis added.) Apparently, the Hospital is arguing that the action of the technician and not the use of the x-ray machine caused Huckabay's injury; therefore, it argues that it is not liable under section 101.021 of the TTCA. We hold that the technician's manipulation of Huckabay in positioning him against the screen for x-raying is part of the use of the x-ray machine. The Huckabays' petition clearly alleges a cause of action for misuse of tangible personal property, that is, the Hospital's x-ray machine.

■ Even had the Huckabays not established a cause of action in their pleadings, Texas law provides that a summary judgment may not be granted without allowing the plaintiff an opportunity to amend his pleadings. *See Massey v. Armco Steel Co.,* 652 S.W.2d 932, 934 (Tex. 1983). Accordingly, a special exception, not a motion for summary judgment, is the

appropriate means to challenge a defect or insufficiency in the pleadings. TEX.R. CIV.P. 91.

"When pleadings fail to state a cause of action, the proper course for the opposing party is to file special exceptions. If the trial court sustains these, and the pleadings, after an opportunity for amendment, still fail to state a cause of action, the appropriate remedy is dismissal, not summary judgment."

*Spencer v. City of Seagoville*, 700 S.W.2d 953, 956 (Tex.App.—Dallas 1985, no writ). Because the trial court granted the motion for summary judgment without first affording the Huckabays an opportunity to amend their pleadings and, further, because we find a cause of action was in fact stated, we sustain the Huckabays' sixth point of error.

### NOTICE TO THE HOSPITAL REGARDING THE INJURY

The Huckabays' third and fourth points of error concern the Hospital's notice of Huckabay's injury. Their third point of error, the Huckabays complain that the trial court erred in granting the Hospital's motion for summary judgment on its assertion in its motion for summary judgment that it was not provided with "proper" notice. The Huckabays argue that granting the motion was improper because: (1) their pleading alleged that *actual* notice was given, and (2) the Hospital did not affirmatively negate *actual* notice in its motion for summary judgment. In their fourth point of error, the Huckabays complain that the trial court erred in granting summary judgment for the defendant because the existence of actual notice is a fact issue for the jury, particularly when a Hospital employee engaged in the injury-producing act.

Since the Hospital is a governmental unit as defined in the TTCA, the following specific notice requirements apply regarding claims against it:

(a) A governmental unit is entitled to receive notice of a claim against it under this chapter not later than six months after the day that the incident giving rise to the claim occurred. The notice must reasonably describe:

(1) the damage or injury claims;

(2) the time and place of the incident; and

(3) the incident.

. . . . .

*(c) The notice requirements provided ... do not apply if the government unit has actual notice that death has occurred, that the claimant has received some injury, or that the claimant's property has been damaged.*

TEX.CIV.PRAC. & REM.CODE ANN. § 101.101 (Vernon 1986) (emphasis added). The purpose of the notice requirement is to provide the governmental entity with an opportunity to investigate an accident while the facts are fresh and conditions remain substantially the same, enabling the entity to guard against unfounded claims, to settle claims, and to adequately prepare for trial. *City of Houston v. Torres*, 621 S.W.2d 588, 591 (Tex.1981). This actual notice requirement means the Hospital "must have received information reasonably describing the injury and the time, manner and place of the incident from which it arose." *Collier v. City of Texas City*, 356 S.W.2d 356, 358 (Tex.Civ.App.—Houston [14th Dist.] 1980, no writ).

■ Actual notice is usually a question of fact precluding summary judgment. *See City of San Antonio v. Schautteet*, 706 S.W.2d 103, 105 (Tex.1986) (per curiam); *Alvarado v. City of Lubbock*, 685 S.W.2d 646, 649 (Tex.1985). The movant seeking a summary judgment must prove there is no genuine issue of material fact as a matter of law. *Nixon*, 690 S.W.2d at 549. To prevail, the Hospital as defendant/movant had the burden of proving lack of notice thereby negating this indispensable element of the Huckabays' cause of action. TEX.R.CIV.P. 166a(c); *Swilley*, 488 S.W.2d at 67. The issue on appeal is whether the Hospital's summary judgment proof establishes as a matter of law that there is no genuine issue of fact as to this element of the Huckabays' cause of action. *Gibbs*, 450 S.W.2d at 828.

■ One of the Hospital's affidavits supporting its motion for summary judgment was by Michael O'Keefe, the Hospital's administrator. He stated that "formal notices of claims are generally directed specifically to me.... Additionally, if in the process of providing treatment, an Irving Hospital patient suffers an undesirable outcome which the Hospital feels may give rise to a liability claim against it, I am to be notified of the occurrence." O'Keefe said he had no notice of Huckabay's injury until March of 1989 when he received a letter from the Huckabays' attorney. He further stated that the Hospital records for October 7, 1987, did not report any such incident.

On the morning of the first summary judgment hearing on October 27, 1989, the Hospital offered for the first time the affidavit of the Hospital's attorney presenting portions of depositions of Ramona Branham, the Hospital's director of radiology, and of Huckabay. Branham's deposition stated that she had no knowledge of the incident until the risk manager called her after receiving the attorney's letter. Huckabay's deposition said one of the x-ray technicians had "slapped" him against the wall. When Huckabay said "hey, that hurt," the x-ray technician went behind the x-ray booth.

On November 6, 1989, after the judge's grant of summary judgment in favor of the Hospital, the Huckabays filed a Motion to Reconsider Defendant's Motion for Summary Judgment and a Motion for Leave to File Affidavits. The Hospital filed responses to both motions on November 20, and the Huckabays filed a Motion to Vacate, Modify, Correct or Reform Judgment. The judge heard all the motions on November 27, granted the Motion for Leave to File Affidavits, and agreed "said affidavits shall be considered as summary judgment evidence in Plaintiff's Motion to Reconsider Defendant's Motion for Summary Judgment." The judge then denied the Huckabays' Motion to Reconsider and "affirmed" the Hospital's Motion for Summary Judgment.

Viewing the record in its entirety, we conclude that the Hospital failed to meet its burden of proof regarding lack of actual notice. Having earlier permitted the Hospital to file additional summary judgment evidence on the day of the hearing, the judge granted leave of court to allow Huckabay to file an affidavit based on personal knowledge. Huckabay's affidavit shows the giving of notice in the following manner:

3. On October 7, 1987, I returned to the Irving Hospital for a chest x-ray. After I removed my shirt and was standing in front of the x-ray machine, a technician approached me from behind, took me by the shoulders, and shoved my chest up against the machine. At that time, I heard a noise sounding like a pop which led me to believe that my sternum had separated.

4. I told the x-ray technician that he had hurt me, but the technician just walked behind the protective screen....

5. Following the x-ray, I was in pain and I felt my chest shift. I went to the office of the Irving Hospital's Chief of Surgery and reported the incident. I told the doctor that the technician broke my sternum during the x-ray, but the doctor said that he could not confirm anything from the chest x-ray.

6. Afterwards, I went to another hospital for a special type of x-ray that could and did confirm the fact that my sternum had been broken.

The foregoing demonstrates that a fact issue was raised as to whether Huckabay gave the Hospital notice of the damage or injury claimed (a broken sternum), the time and place of the incident (immediately before in the x-ray room), and the incident (being pushed against the x-ray machine by the technician) in conformity with section 101.101 of the TTCA. There was sufficient competent evidence to raise a question of fact as to whether the Hospital had actual notice of the injury. *Bourne v. Nueces County Hosp. Dist.*, 749 S.W.2d 630, 633 (Tex.App.—Corpus Christi 1988, writ denied). The Hospital failed to meet its burden of proving as a matter of law the absence of actual notice. *Clear Creek Basin Auth.*, 589 S.W.2d at 678.

The Hospital misinterprets Huckabay's burden regarding notice. In its brief, the Hospital states that formal notice in the form of "notice of intent to file a claim" must be given in order to fulfill the notice requirement and cites *Bourne*, 749 S.W.2d at 630. Although *Bourne* so states, we conclude that the *Bourne* court misinterpreted *Collier*. *Collier* does not require this formal notice of intent to file a claim. *Collier*, 598 S.W.2d at 358. We hold that there is at least a fact issue as to whether the Huckabays gave actual notice of injury and that the Huckabays did present evidence on each and every element of notice required by the statute and . by *Collier*. *Collier*, 598 S.W.2d at 358; *see also Woomer v. City of Galveston*, 765 S.W.2d 836, 839 (Tex.App.—Houston [1st Dist.] 1988, writ denied); *Rosales v. Brazoria County*, 764 S.W.2d 342, 344 (Tex.App.—Texarkana 1989, no writ); *Tarrant County Hosp. Dist. v. Ray*, 712 S.W.2d 271, 274 (Tex.App.—Fort Worth 1986, writ ref'd n.r.e.).

The Hospital argues that actual notice was not given because the names and addresses of the parties involved were not given at the time of the injury. We decline to charge Huckabay with the duty of providing names and addresses of all parties. The Hospital had Huckabay's x-rays and knew his name and address from its records. Likewise the Hospital knew the names and addresses of its employees. Huckabay's affidavit, if believed, raises a fact issue as to whether notice was given. We sustain the Huckabays' third and fourth points of error.

In light of the above, we hold the trial court erred in granting the Hospital's motion for summary judgment. We sustain the Huckabays' points of error three, four, and six and find it unnecessary to address appellants' remaining points of error. *See* TEX.R.APP.P. 90(a). We reverse the trial court's judgment and remand the case for trial on the merits.