**Rick MEDRANO, Cain Medrano, and Jacob Medrano, Appellants,**

v.

**CITY OF PEARSALL, Appellee.**

No. 04–98–00698–CV.

Court of Appeals of Texas,
San Antonio.

Feb. 3, 1999.

Frank Albert Menchaca, Law Offices of Douglas C. Dilley, P.C., San Antonio, for Appellant.

Albert Lopez, Lopez & Smith, P.C., San Antonio, for Appellee.

Before PHIL HARDBERGER, Chief Justice, TOM RICKHOFF, Justice, ALMA L. LÓPEZ, Justice.

## OPINION

PHIL HARDBERGER, Chief Justice.

Rick Medrano, Cain Medrano, and Jacob Medrano ("Medranos") appeal a summary judgment granted in favor of the City of Pearsall ("City") based on the City's immunity defense. The Medranos contend that the trial court erred in granting the summary judgment because immunity was waived based on the use or misuse of non-defective tangible personal property.[1] We overrule this contention and affirm the trial court's judgment.

### STANDARD OF REVIEW

▪ The City's amended motion for summary judgment requests summary judgment under both traditional summary judgment standards and no evidence summary judgment standards. Under traditional summary judgment standards, a defendant moving for summary judgment has the burden of establishing that no genuine issue of material fact exists as to one or more essential elements of the plaintiff's cause of action and that the defendant is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985). Alternatively, if the motion is based on an affirmative defense, the defendant must conclusively prove all elements of that defense as a matter of law. *Roark v. Stallworth Oil & Gas, Inc.*, 813 S.W.2d 492, 494–95 (Tex.1991). If the defendant meets this burden, the plaintiff must then raise a

---

1. Although the Medranos list as an issue "Respondents objections to the Defendants' Motion for Summary Judgment as stated in Response to Defendants' Amended Motion for Summary Judgment," they do not present any case law or argument on this issue. We therefore hold that the Medranos failed to properly brief any issue relating to the trial court's ruling on their objections and waived the consideration of any issue relating to those objections on appeal. *Trenholm*

*v. Ratcliff*, 646 S.W.2d 927, 934 (Tex.1983); *Horton v. Horton*, 965 S.W.2d 78, 88 (Tex.App.—Fort Worth 1998, no pet.); *Kosowska v. Khan*, 929 S.W.2d 505, 508–09 (Tex.App.—San Antonio 1996, writ denied). We note that the trial court granted the City's objections to the Medranos' response and to the documents purportedly attached thereto. The City's objections requested that the response and documents be excluded.

genuine issue of material fact on the targeted element of the plaintiff's cause of action or must produce evidence raising a genuine issue of material fact in avoidance of the affirmative defense. *Gonzalez v. City of Harlingen,* 814 S.W.2d 109, 112 (Tex.App.—Corpus Christi 1991, writ denied).

In reviewing a summary judgment, an appellate court accepts as true all evidence supporting the non-movant. *Nixon,* 690 S.W.2d at 549. All inferences are indulged in favor of the non-movant, and all doubts are resolved in his favor. *Id.*

We apply the same legal sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *Moore v. K Mart Corp.,* 981 S.W.2d 266, 268–70 (Tex.App.—San Antonio 1998, pet. denied); Judge David Hittner & Lynne Liberato, *No–Evidence Summary Judgments Under the New Rule, in* STATE BAR OF TEXAS PROF. DEV. PROGRAM, 20 ADVANCED CIVIL TRIAL COURSE D, D–5 (1997). We look at the evidence in the light most favorable to the respondent against whom the summary judgment was rendered, disregarding all contrary evidence and inferences. *Moore,* 981 S.W.2d at 268–70; *Merrell Dow Pharmaceuticals, Inc. v. Havner,* 953 S.W.2d 706, 711 (Tex.1997), *cert. denied,* —— U.S. ——, 118 S.Ct. 1799, 140 L.Ed.2d 939 (1998). A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Moore,* 981 S.W.2d at 268–70; TEX.R. CIV. P. 166a(i). Less than a scintilla of evidence exists when the evidence is "so weak as to do no more than create a mere surmise or suspicion" of a fact. *Kindred v. Con/Chem, Inc.,* 650 S.W.2d 61, 63 (Tex.1983). More than a scintilla of evidence exists when the evidence "rises to a level that would enable reasonable and fair-minded people to differ in their conclusions." *Havner,* 953 S.W.2d at 711.

## FACTUAL BACKGROUND

Three officers observed a speeding vehicle. Two officers, Officer Jackson and Deputy Morales, pursued the vehicle. After Officer Jackson activated his emergency lights, the vehicle continued to travel at a high rate of speed until it came to a stop outside a residence. Officer Jackson approached the driver, Rick Medrano, and requested him to perform several field sobriety tests. Based on the results of the sobriety tests, Officer Jackson arrested Rick, handcuffed him and started to place him into his patrol car.

Accepting the Medranos' version of the events as true, *Nixon,* 690 S.W.2d at 549, Officer Jackson failed to respond to Rick's inquiries regarding the reason he was under arrest. Officer Jackson then began beating and choking Rick with his flashlight and using vulgar language. Rick's father, Jacob, asked Officer Jackson why he was beating Rick, and Officer Jackson kicked Jacob in the abdomen. After placing Rick in the car, Officer Jackson approached Rick's brother, Cain, who was inside the fence to the yard. Officer Jackson hit Cain in the chest with the flashlight, punched Cain in the face, and grabbed Cain's shirt to pull him over the fence. Officer Jackson told Cain he was under arrest; however, another officer told Officer Jackson he could not arrest Cain because Officer Jackson had attacked Cain in the yard.

The Medranos sued Officer Jackson and the City alleging that Rick was violently and negligently beaten with a baton/flashlight while handcuffed and in custody. In addition, the Medranos allege that Jacob and Cain were also accosted and negligently beaten by Officer Jackson. The Medranos contend that City-issued tangible property was used to effectuate the injuries to the Medranos and that the City was negligent in hiring and training Officer Jackson.

The City moved for summary judgment based on the defense of sovereign immunity and based on the absence of any evidence presented by the Medranos to establish that their negligence claims fell within a waiver of immunity. The trial court granted the City's motion and severed the Medranos' claims against the City from their claims against Officer Jackson. Officer Jackson is not a party to this appeal.

## DISCUSSION

Under the doctrine of sovereign immunity, a governmental unit is not liable for

the torts of its officers or agents in the absence of a constitutional or statutory provision creating such liability. *State v. Terrell,* 588 S.W.2d 784, 785 (Tex.1979). The Texas Tort Claims Act ("TTCA") creates a limited waiver of sovereign immunity. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). In order for immunity to be waived under the TTCA, the claim must arise under one of the three specific areas of liability for which immunity is waived, and the claim must not fall under one of the exceptions from waiver. *Alvarado v. City of Brownsville,* 865 S.W.2d 148, 155 (Tex.App.—Corpus Christi 1993), *rev'd on other grounds,* 897 S.W.2d 750 (Tex.1995). The three specific areas of liability for which immunity has been waived are: (1) injury caused by an employee's use of a motor-driven vehicle; (2) injury caused by a condition or use of tangible personal or real property; and (3) claims arising from premise defects. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 101.021 (Vernon 1997). However, the waiver of immunity does not extend to claims arising out of intentional torts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 (Vernon 1997).

 It is undisputed that the City is a governmental entity to which the doctrine of sovereign immunity is applicable. When an affirmative defense like sovereign immunity is established, the burden of raising a disputed fact issue shifts to the non-movant. *Ager v. Wichita General Hosp.,* 977 S.W.2d 658, 660 (Tex.App.—Fort Worth 1998, no pet.); *Brand v. Savage,* 920 S.W.2d 672, 673 (Tex. App.—Houston [1st Dist.] 1995, no writ); *Armendarez v. Tarrant County Hosp. Dist.,* 781 S.W.2d 301, 303 (Tex.App.—Fort Worth 1989, writ denied). This Court must therefore examine the summary judgment evidence to determine whether a fact issue was raised regarding the application of immunity. *Brand,* 920 S.W.2d at 673. Stated differently, we must determine whether the Medranos established that their claim fell within a waiver of immunity to which no exception applied. *Ager,* 977 S.W.2d at 660.

 The City contends that since the Medranos' injuries arose out of the assault

by Jackson, their claims arose out of an intentional tort to which the waiver of immunity does not extend. TEX. CIV. PRAC. & REM.CODE ANN. § 101.057 (Vernon 1997). This contention, however, fails to recognize the Medranos' claims for negligent hiring, negligent training and negligent failure to train. Both the United State Supreme Court and the Texas Supreme Court have drawn a distinction between claims for negligent employment and negligent entrustment and the intentional acts of an employee. *See Sheridan v. U.S.,* 487 U.S. 392, 108 S.Ct. 2449, 2454–2456, 101 L.Ed.2d 352 (1988); *Delaney v. University of Houston,* 835 S.W.2d 56, 59–61 (Tex.1992); *Young v. City of Dimmitt,* 787 S.W.2d 50, 51 (Tex.1990). Although a governmental unit is immune from claims arising out of intentional torts, where the focus of a party's claim is on the governmental unit's negligent conduct, not the intentional conduct of its employee, the claim will not be said to arise out of the intentional tort. *Young,* 787 S.W.2d at 51; *see also Wimberley v. Sloan,* 963 S.W.2d 556, 558 (Tex.App.—Eastland 1998, no pet.) (distinguishing negligence claim from intentional tort claim but basing holding on absence of nexus between use of tangible personal property and injury); *Holder v. Mellon Mortg. Co.,* 954 S.W.2d 786, 806 (Tex.App.—Houston [14th Dist.] 1997, pet. granted) (recognizing Texas Supreme Court's indication that actions for negligent employment and entrustment could provide basis for liability under TTCA). The Texas Supreme Court hastened to add, however, that the intentional tort exception could not be circumvented merely by alleging that the government was negligent in supervising the employee-tortfeasor. *Delaney,* 835 S.W.2d at 60 (citing *Sheridan,* 108 S.Ct. at 2454).

In this case, it appears that the Medranos are attempting to circumvent the intentional tort exception in the manner expressly disapproved by the Texas Supreme Court in *Delaney,* 835 S.W.2d at 60. Without any specific factual allegations, the Medranos merely allege negligent hiring, negligent training, and negligent failure to train in connection with their intentional tort claim against Jackson.[2]

---

**2.** Although the Medranos contend that Jackson's actions constituted a negligent assault, their

statements, which were admitted as summary judgment evidence, only support the conclusion

No additional summary judgment evidence was admitted to support these negligence claims. We therefore hold that the trial court properly granted summary judgment in favor of the City because the Medranos are not permitted to circumvent the intentional tort exception by mere allegations of negligence against the City. *See Delaney*, 835 S.W.2d at 60. The trial court's judgment is affirmed.

that Jackson acted intentionally. Furthermore, we agree with Dean Keeton's statement that "[t]here is, properly speaking, no such thing as a negligent assault." W. PAGE KEETON, ET AL., PROSSER AND KEETON ON THE LAW OF TORTS, § 10, at 46 (5th ed.1984); *cf. Fulmer v. Rider*, 635 S.W.2d 875 (Tex.App.—Tyler 1982, writ ref'd n.r.e.).