Bree HENDRIX, Appellant,

v.

BEXAR COUNTY HOSPITAL DIS-
TRICT d/b/a University Health
Center Downtown, Appellee.

No. 04–98–00833–CV.

Court of Appeals of Texas,
San Antonio.

Aug. 30, 2000.

J. Thomas Rhodes, III, Sean Lyons,
Lyons & Rhodes, P.C., San Antonio, for
Appellant.

Laura A. Cavaretta, Plunkett & Gibson,
Inc., San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief
Justice, TOM RICKHOFF, Justice,
ALMA L. LÓPEZ, Justice.

## ON APPELLEE'S MOTION
## FOR REHEARING

RICKHOFF, Justice.

Appellee's motion for rehearing is grant-
ed. The opinions and judgment of Decem-

ber 30, 1999, are withdrawn and the following opinions and judgment are substituted therefor.

Bree Hendrix sued the Bexar County Hospital District d/b/a University Health Center Downtown (BCHD), alleging that one of its employees sexually assaulted her under the guise of performing a breast exam. The trial court granted summary judgment in favor of BCHD. Because Hendrix's injuries were not caused by a condition or use of tangible personal or real property, we must affirm the summary judgment.

## FACTUAL BACKGROUND

Hendrix sought medical care at a BCHD facility. While she was in the waiting area, a BCHD employee named Ricardo Bermudez called her name over the public address system, escorted her to an examination room, and instructed her to put on a hospital gown, leaving the gown open in the front. Bermudez temporarily left the examination room, and Hendrix complied with his instructions. Bermudez returned to the examination room and proceeded to fondle Hendrix's breasts, while she was on an examination table, under the guise of performing a breast examination. Hendrix later learned that Bermudez was not authorized to perform breast examinations. BCHD fired Bermudez after learning of his assault on Hendrix.

## STANDARD OF REVIEW

We review a summary judgment *de novo*. *See Sasser v. Dantex Oil & Gas, Inc.*, 906 S.W.2d 599, 602 (Tex.App.—San Antonio 1995, writ denied). We view the evidence in the light most favorable to the nonmoving party and disregard all contrary evidence and inferences. *See Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548–49 (Tex.1985).

BCHD moved for summary judgment on the basis of sovereign immunity. It is undisputed that BCHD is a governmental entity. Once a defendant has established that it is a governmental entity, it has satisfied its initial summary judgment burden on the affirmative defense of sovereign immunity. *See Medrano v. City of Pearsall*, 989 S.W.2d 141, 144 (Tex.App.-San Antonio 1999, no pet.); *Brooks v. Center for Healthcare Servs.*, 981 S.W.2d 279, 283–84 (Tex.App.-San Antonio 1998, no pet.). The burden then shifts to the plaintiff to raise a fact issue. *See Medrano*, 989 S.W.2d at 144; *Brooks*, 981 S.W.2d at 284.

## DISCUSSION

Hendrix claims that BCHD was negligent in hiring, supervising, and retaining Bermudez and in entrusting Bermudez with a uniform and nametag. She also claims that BCHD employees failed to implement or follow policies and procedures regarding the treatment of female patients in unsupervised conditions.

▪ Governmental entities are generally immune from tort liability. *See Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341 (Tex.), *cert. denied*, 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998). The Texas Tort Claims Act (TTCA) waives sovereign immunity for personal injuries "caused by a condition or use of tangible personal or real property." TEX. CIV. PRAC. & REM. CODE ANN. § 101.021(2) (Vernon 1997). Hendrix argues that her claims fit within this waiver because Bermudez used the examination room, examination table, patient gown, and public address system in committing the assault.[1]

▪ Our supreme court has emphasized that the TTCA provides only a limit-

---

1. The TTCA does not waive sovereign immunity for injuries arising from intentional torts. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 101.057 (Vernon 1997). However, when the focus of a claim is on the governmental entity's negligent conduct, rather than the in-

tentional conduct of its employee, the claim will not be treated as arising from the intentional tort. *See Delaney v. University of Houston*, 835 S.W.2d 56, 59–60 (Tex.1992); *Young v. City of Dimmitt*, 787 S.W.2d 50, 51 (Tex. 1990); *Medrano*, 989 S.W.2d at 144.

ed waiver of sovereign immunity. *See Bossley*, 968 S.W.2d at 341. In accordance with its restrictive interpretation of the TTCA, the court held in *Bossley* that "[p]roperty does not cause injury if it does no more than furnish the condition that makes the injury possible." *Id.* at 343.

*Bossley* involved the death of a suicidal hospital patient. The patient escaped through unlocked doors and was chased about half a mile by hospital staff. As he was approached by hospital staff and police officers near a freeway, he leaped into the path of a truck and was killed. *See id.* at 340–41. The supreme court rejected the argument that the patient's death was caused by the unlocked doors, stating, "The unlocked doors permitted [the patient's] escape but did not cause his death." *Id.* at 343. The court distinguished *Overton Memorial Hospital v. McGuire*, 518 S.W.2d 528 (Tex.1975), in which the court held that immunity was waived for a claim that a patient was injured when he fell out of a hospital bed that lacked side rails. *See id.* The court noted that in *McGuire*, the patient's injury was immediate and directly related to the absence of the rails, whereas in *Bossley*, the patient's death "was distant geographically, temporally, and causally from the open doors." *Id.*

Hendrix argues that the use of the examination room, examination table, patient gown, and public address system was not geographically, temporally, or causally distant from her injury. We have previously refused to distinguish *Bossley* based on geographic and temporal distinctions. *See Amador v. San Antonio State Hosp.*, 993 S.W.2d 253, 256–57 (Tex.App.—San Antonio 1999, pet. denied). We have also held that under *Bossley*, the "premises condition must actually be the instrumentality that causes the plaintiff's harm." *San Antonio State Hosp. v. Koehler*, 981 S.W.2d 32, 37 (Tex.App.—San Antonio 1998, pet. denied); *accord Wimberley v. Sloan*, 963 S.W.2d 556, 558 (Tex.App.—Eastland 1998, no pet.) (holding that "nei-

ther the building nor the chair where plaintiff was sitting when he was assaulted was the 'direct device' causing plaintiff's injuries and the 'required causal nexus' for liability" under the TTCA was missing).

Applying these authorities here, we conclude that Bermudez's use of the examination room, examination table, patient gown, and public address system did not cause the assault; they merely furnished some of the conditions that made the assault possible. *See Holder v. Mellon Mortgage Co.*, 954 S.W.2d 786, 804–08 (Tex.App.—Houston [14th Dist.] 1997) (holding that a police car did not cause the plaintiff's sexual assault by a police officer, even though the assault was committed in the car and the officer used the car to pull the plaintiff over), *rev'd on other grounds*, 5 S.W.3d 654 (Tex.1999).

Hendrix's allegations in this case are appalling. But we are duty-bound to apply the law as written by our legislature and as interpreted by our highest court. By its very nature, the *limited* waiver of sovereign immunity in the TTCA will leave governments immune from many claims—including, as here, claims involving appalling facts.

The summary judgment is affirmed.

Dissenting opinion by: ALMA L. LÓPEZ, Justice.

ALMA L. LÓPEZ, Justice, dissenting.

I respectfully dissent from the granting of the motion for rehearing because a fact issue exists about whether a premises condition served as an actual instrumentality that caused Hendrix harm. Under the supreme court's decision in *Bossley*, Hendrix must allege an injury arising from the condition or use of tangible property. *See Dallas County Mental Health & Mental Retardation v. Bossley*, 968 S.W.2d 339, 341–43 (Tex.), *cert. denied*, 525 U.S. 1017, 119 S.Ct. 541, 142 L.Ed.2d 450 (1998). Although this court has construed *Bossley* to require a *direct* connection between the condition of the property and the resulting

injury, *see San Antonio State Hospital v. Koehler*, 981 S.W.2d 32, 36 (Tex.App.-San Antonio 1998, pet. denied), I believe Hendrix pled a sufficient causal connection between the use or misuse of government property and her injury to raise a question of fact about this issue. Unlike this court's decision in *San Antonio State Hospital v. Koehler* where the plaintiff's injury occurred several miles from the defectively fenced hospital grounds and over a period of three days after the victim's escape from the hospital grounds, *see Koehler*, 981 S.W.2d at 36, Hendrix's injury occurred inside a hospital examining room. The employee, dressed in his lab coat and on duty, used the hospital's public address system to call Hendrix's name and lure her to an examining room where he used an examining table and hospital gown to carry out an assault. These facts were pled in Hendrix's petition and, in my mind, sufficiently allege proximate cause in terms of time and place to meet the *Bossley* test.

Although the majority's opinion recognizes the egregious conduct that occurred here, it overlooks the indicia of reliability inherent in the property that enabled the employee to complete his assault. A patient undergoing a breast exam expects to be directed to disrobe and submit to an intimate examination by a medical professional who is generally wearing a lab coat. Bermudez was a government employee who was on-duty and wearing an identification badge and uniform that enabled him to create the guise of a breast examination. Thus, the government property was used in the assault itself at the time of the assault. Had Bermudez not been given access to such property by virtue of his employment by BCHD, it is unlikely that he could have perpetrated the assault in the manner in which he did. Under these circumstances, a fact issue exists about whether the property used here became an actual instrumentality that caused Hendrix harm. I would reverse the summary judgment order in favor of BCHD and remand the cause for trial.