

# Fourth Court of Appeals
## San Antonio, Texas

## OPINION

No. 04-24-00552-CV

**VAL VERDE HOSPITAL DISTRICT** d/b/a Val Verde Regional Medical Center,
Appellant

v.

Griselda **SALAZAR**,
Appellee

From the 83rd Judicial District Court, Val Verde County, Texas
Trial Court No. 2023-0006-CIV
Honorable Robert E. Cadena, Judge Presiding

Opinion by:     Adrian A. Spears II, Justice

Sitting:       Rebeca C. Martinez, Chief Justice
               Irene Rios, Justice
               Adrian A. Spears II, Justice

Delivered and Filed: February 5, 2025

REVERSED AND RENDERED

This is an interlocutory appeal wherein Appellant Val Verde Hospital District d/b/a Val Verde Regional Medical Center ("Val Verde") challenges the trial court's denial of its plea to the jurisdiction in this medical negligence action that is subject to the Texas Tort Claims Act ("TTCA"). *See* TEX. CIV. PRAC. & REM. CODE §§ 101.001-109. We reverse the trial court's order and render judgment dismissing Appellee Griselda Salazar's claims against Val Verde for lack of jurisdiction.

## BACKGROUND

On April 15, 2021, Salazar, a sixteen-year-old female, went to Val Verde Medical Center because she was experiencing symptoms of shortness of breath, chest palpitations, and chest pain. At the hospital, Juan Perez, a technician with Angel Staffing Inc. ("Angel Staffing"), performed an electrocardiogram ("EKG") on Salazar, which required the technician to place twelve electrodes on Salazar's chest. While attaching the electrode leads, the technician allegedly touched Salazar's breasts with his wrist, and at the end of the exam, he allegedly touched her breasts with the top of his hand. Salazar later claimed that the technician kept inappropriately staring at her breasts during the exam.

On January 6, 2023, Salazar filed the underlying medical malpractice lawsuit, which named Val Verde and Angel Staffing as defendants and sought damages for physical pain, mental anguish, and emotional distress. According to Salazar, the technician was acting within the scope of his duties for Angel Staffing and as an agent for Val Verde when he was negligent in his use of the EKG and breached the applicable duty of care by failing to allow Salazar to cover her breasts with clothes, by failing to elevate Salazar's breast with the back of his gloved hand, and by not allowing Salazar to elevate her own breasts. Salazar further alleged that Val Verde failed to properly supervise the technician, failed to have a female perform the EKG, and failed to "appreciate that [the technician] did not have the appropriate demeanor, personality, and/or character to perform an EKGs [sic] on female patients." Salazar does not contend that she was injured by the EKG machine or its electrodes.

In response to the lawsuit, Val Verde filed a plea to the jurisdiction, arguing that Val Verde's governmental immunity was not waived under the TTCA for negligence caused by a condition or use of tangible personal property. Val Verde further argued that even if there was

negligent conduct that could be construed as a waiver of immunity, the technician's actions of touching Salazar's breast was intentional and thus falls within an exception to the TTCA.

On July 16, 2024, the trial court denied Val Verde's plea to the jurisdiction, and this interlocutory appeal followed.

## STANDARD OF REVIEW

"Governmental immunity generally protects municipalities and other state subdivisions from suit unless the immunity has been waived by the constitution or state law." *Univ. of Tex. M.D. Anderson Cancer Ctr. v. McKenzie,* 578 S.W.3d 506, 512 (Tex. 2019) (quoting *City of Watauga v. Gordon,* 434 S.W.3d 586, 589 (Tex. 2014)). "The purpose of a plea to the jurisdiction is to 'defeat a cause of action without regard to whether the claims asserted have merit.'" *Id*. (quoting *Bland Indep. Sch. Dist. v. Blue*, 34 S.W.3d 547, 554 (Tex. 2000)). Because governmental immunity defeats a trial court's subject matter jurisdiction, it is properly asserted in a plea to the jurisdiction. *See id.*; *Tex. Dep't of Parks & Wildlife v. Miranda,* 133 S.W.3d 217, 225-26 (Tex. 2004). The existence of subject matter jurisdiction is a question of law that we review de novo. *See Miranda*, 133 S.W.3d at 226.

The TTCA waives governmental immunity for certain negligent acts by governmental employees. *See* TEX. CIV. PRAC. & REM. CODE § 101.021. A party suing a governmental unit bears the burden to affirmatively show waiver of immunity. *McKenzie,* 578 S.W.3d at 512. When determining whether the party has met this burden, we may consider the facts alleged by the plaintiff and the evidence submitted by the parties. *Id.* We liberally construe the plaintiff's pleadings, "taking all factual assertions as true, and look to the plaintiff's intent." *Id*. (quoting *Heckman v. Williamson Cty.*, 369 S.W.3d 137, 150 (Tex. 2012)).

We must also consider the evidence submitted when necessary to resolve the jurisdictional issue. *See Heckman,* 369 S.W.3d at 150. The review of such evidence is similar to a summary-judgment review. *See Miranda*, 133 S.W.3d at 228 ("We acknowledge that this standard generally mirrors that of a summary judgment under Texas Rule of Civil Procedure 166a(c)."). "'If the evidence raises a fact question on jurisdiction,' we cannot grant the plea, 'and the issue must be resolved by the trier of fact.'" *McKenzie,* 578 S.W.3d at 512 (quoting *Univ. of Tex. v. Hayes,* 327 S.W.3d 113, 116 (Tex. 2010)). "However, 'if the evidence is undisputed or fails to raise a fact question, the plea must be granted.'" *Id*. (quoting *Hayes*, 327 S.W.3d at 116).

## ANALYSIS

In one issue, Val Verde contends the trial court erred in denying its plea to the jurisdiction because there was no negligent use of any tangible personal property that caused Salazar's injuries, as required to waive Val Verde's immunity. Construing the pleadings in Salazar's favor and looking to her intent, we must determine whether Salazar has pled sufficient facts to bring her claim under the TTCA's waiver of immunity.

The TTCA provides a limited waiver of governmental immunity when the "use" of property is involved. TEX. CIV. PRAC. & REM. CODE §§ 101.021(2). The "use" provision waives governmental immunity for "personal injury and death so caused by a condition or use of tangible personal or real property if the governmental unit would, were it a private person, be liable to the claimant according to Texas law." *Id*. Thus, immunity is waived if injury or death is caused by a "condition or use of tangible personal or real property." *Id*.

"Mere involvement" of the property, however, is not enough. *McKenzie,* 578 S.W.3d at 516. Likewise, a use of property that merely furnishes the condition making the injury possible is not sufficient to waive immunity. *See Tex. Dep't of Crim. Justice v. Miller*, 51 S.W.3d 583, 588

(Tex. 2001). The use of property must have actually caused the injury. *See McKenzie,* 578 S.W.3d at 517 (explaining that "a patient cannot merely allege that a medical provider used tangible personal property during treatment; the patient must also demonstrate that the use of the particular property at issue was both improper under the circumstances and caused injury"); *Miller,* 51 S.W.3d at 588 (holding that while the Texas prison "did 'bring into . . . service' and 'employ' various drugs and medical equipment while treating" the plaintiff, "some property [being] merely involved is not enough," and explaining that "[u]sing that property must have actually caused the injury"). Finally, actual use of property is required; a claim of non-use is insufficient to waive immunity. *McKenzie,* 578 S.W.3d at 513.

Salazar relies on several cases to support her position that the negligent use of the EKG machine caused her injuries. For example, Salazar relies on *University of Texas Southwestern Medical Center v. Rhoades,* 605 S.W.3d 853, 855-56 (Tex. App.—Dallas 2020, pet. denied), a case involving a retained surgical sponge. In *Rhoades*, the plaintiff alleged that an x-ray machine was negligently used because the medical staff did not scan the portion of the plaintiff's abdomen that contained the sponge. *Id*. at 856. Because the plaintiff's injury could have only been prevented if the X-ray machine scanned the entire abdomen, the negligent use of the X-ray machine resulted in the wrong X-ray image. *See id*. at 863-64. Thus, the court held that the plaintiff pled, "and the jurisdictional evidence support[ed], an allegation that [the state hospital] negligently failed to use the x-ray machine for its intended purpose." *Id*. at 865.

Similarly, Salazar relies on *Dallas County Hospital District v. Moon,* No. 05-17-00538-CV, 2017 WL 4546121 (Tex. App.—Dallas Oct. 12, 2017, no pet.). In *Moon*, the patient was injured when she was dropped by two hospital employees who were attempting to lift her from a wheelchair. *Id*. at *1. The plaintiff claimed that the employees' removal of the wheelchair's arms

before the incident caused the fall. *Id.* The court explained that the fall from the wheelchair was a consequence of the removal of the arm and that the injury suffered by the patient could have only been prevented had the employees placed the arm in its proper position. *Id.* at *3-4. Thus, the court held that the employees' removal of the wheelchair's arm constituted a negligent use of property under the TTCA. *See id.* at *4 (holding that the plaintiff had pled the injury was caused by the hospital's "use or misuse of the wheelchair, satisfying her burden to plead facts affirmatively showing the trial court's subject matter jurisdiction").

Salazar also cites *Huckabay v. Irving Hospital Foundation,* 802 S.W.2d 758 (Tex. App.—Dallas 1990, writ denied). In *Huckabay*, the hospital x-ray technician, while positioning the patient "before the screen, pressed his chest and shoulders against the x-ray apparatus with sudden force, allegedly causing the sternum to separate." *Id.* at 759. While the hospital argued "the action of the technician and not the use of the x-ray machine caused" the patient's injury, the court reasoned that "the technician's manipulation of [the patient] in positioning him against the screen for x-raying is part of the use of the x-ray machine." *Id.* at 760. Thus, the court held that immunity was waived for the "misuse of tangible personal property, that is, the [h]ospital's x-ray machine." *Id.*

The facts presented in this appeal, however, are distinguishable. Salazar does not allege facts to show that the injury was caused by the EKG machine or the electrodes. It is undisputed that the technician's hands, actions, and verbal instructions while using the EKG and electrodes, negligently or otherwise, were the cause of Salazar's injury. The facts pled by Salazar, taken as true, show only that the use of the EKG machine or electrodes merely furnished the condition making it possible for the technician to have the access and the ability to give verbal instructions and inappropriately touch Salazar's breasts. Such use of the EKG machine is not sufficient to waive immunity. *See Miller,* 51 S.W.3d at 588.

The facts presented here are similar to the facts in *Hendrix v. Bexar County Hospital District*, 31 S.W.3d 661, 663 (Tex. App.—San Antonio 2000, pet. denied), in which this court held that immunity is not waived when the use merely furnishes the condition for the injury. In *Hendrix*, the plaintiff sought medical care at a hospital entitled to governmental immunity. *Id*. at 662. While she was on an examination table and under the guise of performing a breast examination, a hospital employee proceeded to fondle the plaintiff's breasts. *Id*. We held that the employee's "use of the examination room, examination table, patient gown, and public address system did not cause the assault; they merely furnished some of the conditions that made the assault possible." *Id*. at 663. Just as we stated in *Hendrix*, the allegations in this case are appalling. *See id*. But we are bound to apply the law as written. *See id*.

## CONCLUSION

Construing the pleadings in Salazar's favor and looking to her intent, we conclude that Salazar has failed to plead sufficient facts to bring her claim under the TTCA's waiver of immunity.[1] Therefore, we reverse the trial court's order denying Val Verde's plea to the jurisdiction and render judgment dismissing Salazar's claims against Val Verde for lack of jurisdiction.

Adrian A. Spears II, Justice

---

[1]Because we hold that Val Verde's governmental immunity was not waived, we need not address whether the technician's actions fall within the intentional torts exception to the TTCA.