HAROLD M. and Darla M. *v.* Brenda CLARK and Paul Clark

93-868                                      872 S.W.2d 410

Supreme Court of Arkansas
Opinion delivered March 28, 1994
[Rehearing denied May 2, 1994.]

*Sam Sexton III*, for appellants.

*Ronald E. Bumpass*, for appellees.

JACK HOLT, JR., Chief Justice. The present appeal arises from the setting aside of a judgment characterized by the trial court as a default judgment. On appeal, the appellants, Harold M. and Darla M., in their capacity as guardians and next friends of a minor child, argue that the judgment in question was not one of default but was instead a judgment on the merits and that the trial court was without statutory authority to set it aside.

We agree with the appellants to the extent that the circuit court erroneously set aside what was in fact a judgment on the merits with respect to appellee Brenda Clark. Therefore, we reverse the circuit court's decision with respect to Ms. Clark. At the same time, though, we have determined that appellee Paul Clark's position was substantially different and that the judgment against him was one of default. Thus, the circuit court correctly set aside the judgment so far as it pertained to Mr. Clark.

Appellants Harold M. and Darla M., who are the parents of the child, Dee Ann M., secured the services of attorney Sam Sexton III and filed a complaint on April 12, 1989, against appellee Brenda Clark, alleging negligence. The complaint stated that the child, while in the care of her babysitter, Brenda Clark, was repeat-

edly raped by Brenda Clark's brother-in-law, Danny Clark, and contracted genital herpes. (Danny Clark was convicted on a criminal charge of abusing the child.) Brenda Clark secured the services of attorney John Buergler, who filed an answer in her behalf on May 2, 1989. Ms. Clark made periodic payments to counsel.

The record is silent regarding what transpired between May 1989 and February 1990, when the circuit court filed its notice that trial was set for March 26, 1990. Subsequently, in a letter dated March 21, 1990, attorney Sexton wrote a letter to the circuit judge stating that "Mr. Buergler and I wish to jointly move the Court for a continuance." A copy of the letter was sent to attorney Buergler. Trial was rescheduled for July 23, 1990.

In the meantime, Harold and Darla M. determined that Danny Clark had a history of prior sexual abuse of children and that this information was known to both Brenda Clark and her father-in-law, appellee Paul Clark, the owner of the property where Brenda Clark resides and where Dee Ann M. was raped. They also were informed that both Paul and Brenda Clark had taken action that prevented Danny Clark's ex-wife from alerting them that Danny Clark was a child molester. Attorney Sexton, in a letter to the circuit judge dated June 11, 1990, requested that the trial date be moved again.

On June 12, 1990, Harold and Darla M. filed a motion to add Paul Clark as an additional party defendant. In an amended complaint filed on July 20, 1990, the appellants alleged that Mr. Clark, as the property owner, had a duty to warn them of the potential danger on the property to their child. They sought damages from him for negligence in his failure to provide such a warning. Mr. Clark, who was personally served by certified mail with the summons and complaint on July 27, 1990, also retained Mr. Buergler and paid him as counsel for about ten months. No answer was filed in his behalf.

Notice of a December 5, 1990 trial date was filed on October 26, 1990. The form indicated that notice had been mailed to attorneys Buergler and Sexton on October 24, 1990. Subsequently, a copy of a letter from the appellants' attorney requesting a continuance, dated November 6, 1990, was sent to Mr. Buergler as counsel for the Clarks. On January 10, 1991, a letter from Cir-

cuit Judge John G. Holland's administrative secretary and an order signed by the judge transferring the case from his division to that of Circuit Judge Don K. Langston were sent to both Mr. Sexton and Mr. Buergler.

A jury trial was set for November 25, 1991, and letter notice from the circuit court was sent on July 22, 1991, to attorneys Buergler and Sexton. On November 19, 1991, about a week before the trial date, the appellants filed a motion for default judgment, noting that "To date, although over fifteen months [have] passed since the service of the pleadings upon both defendants, no response to the defendant's Amended Complaint has been filed."

On November 25, 1991, appellants Harold and Darla M. appeared and testified, and a judgment of $350,000 was rendered against the Clarks for joint and several liability on the basis of their failure to warn the child's parents of Danny Clark's dangerous propensity to molest children. The judgment was entered of record on December 6, 1991.

Neither Brenda Clark nor Paul Clark was informed of the proceedings, and they only discovered the judgment in August 1992. On September 28, 1992, they filed a motion to set aside the default judgment. A hearing was held on April 19, 1993, and it was learned at that time that the record of the November 1991 proceedings had been lost. Harold and Darla M. filed a motion requesting that the court make findings of fact and conclusions of law and reconstruct the record. Although the trial court denied that motion, it adopted *in toto* an affidavit filed with the court by the appellants' attorney as the record of the underlying case.

Thereafter, the trial court declared that the default judgment was set aside in accordance with Ark. R. Civ. P. 55(c) and issued its order accordingly. Attorney Buergler surrendered his license on May 3, 1993, in lieu of disbarment proceedings. The Clarks, meanwhile, engaged other counsel for purposes of perfecting this appeal.

For reversal, Harold and Darla M. contend that Ark. R. Civ. P. 55(c), under which the trial court set aside the judgment of November 25, 1991, is inapplicable as to their circumstances and that the trial court consequently erred in employing the rule to vacate what it mischaracterized as a "default judgment." We agree in part with the appellants' position.

Unfortunately, the record of the proceedings which led to the underlying judgment of December 6, 1991, could not be found or no longer existed. After setting aside the judgment, the trial court denied the motion by Harold M. and Darla M. to reconsider the setting aside of the judgment, to make findings of fact and conclusions of law, and to reconstruct the record. Nevertheless, the court, in its order of May 19, 1993, did "adopt the Affidavit of Plaintiffs' Counsel, Sam Sexton III, filed in this matter as being true and correct" for purposes of establishing a record.

Attorney Sexton's affidavit recited that a trial was held in the matter. Further, counsel stated in his affidavit that the appellants made no request at trial for a ruling upon the motion for default judgment they had filed, and the court never ruled on their motion. Moreover, the affidavit revealed, testimony taken from both Darla M. and the victim indicated that the child had been sexually abused by Danny Clark while Brenda Clark was babysitting her at a residence owned by Paul Clark. Testimony was also presented to show that the victim, who was a small child at the time the abuse occurred, had contracted genital herpes from sexual contact with Danny Clark. Attorney Sexton further declared that testimony was given to establish that both of the appellees knew of Danny Clark's propensities to molest small children and that his former wife had been obstructed by the Clarks in her efforts to warn the appellants.

It is important to note that, while the trial court declined to make any findings of fact or conclusions of law in connection with the proceedings of November 25, 1991, neither did it disavow any of the statements of counsel in the affidavit it had expressly ratified as "true and correct." That affidavit and, indeed, the judgment entered on December 6, 1991, both speak of a trial having been held. In addition, the trial court's judgment of record began with the notation that "Now on this 25th day of November, 1991, comes before the Court the above-styled matter for trial." The findings are said to have been "[b]ased upon the pleadings, testimony and evidence presented, and other matters before the Court."

Most significantly, the court's judgment made a specific finding of negligence: "The Court finds that based upon the evidence presented that both Defendants were negligent in their supervi-

sion of and warning to the minor child, Dee Ann M[_____], and that such negligence was a proximate cause of the damages of Dee Ann M[_____], a minor child." A judgment was clearly delivered upon the merits. That finding is now the law of the case. *See Sphere Drake Ins. Co.* v. *Bank of Wilson*, 312 Ark. 540, 851 S.W.2d 430 (1993).

██ In *Diebold* v. *Myers General Agency, Inc.*, 292 Ark. 456, 459, 731 S.W.2d 183, 185 (1987), this court held that "when a judgment is based upon the evidence presented to the court at a trial, as opposed to being based on the failure of a party to appear or attend, the judgment is not a default judgment, and Rule 55 does not apply." Thus, it is really a matter of no particular moment that, in its order of April 19, 1993, the trial court characterized the judgment previously entered on December 6, 1991, as a "default judgment." By its own adoption of the affidavit sworn by counsel for Harold and Darla M. as a substitute for a record of trial, the circuit court conceded that the judgment it was setting aside was based on the evidence recited in the affidavit. We have, therefore, no choice other than to hold that the underlying order in this matter was a judgment on the merits — that is, insofar as it pertained to appellee Brenda Clark, in whose name an answer had been filed on May 2, 1989.

Appellee Paul Clark's situation, however, is entirely another matter. Unlike Mrs. Diebold, one of the defendants in *Diebold* v. *Myers General Agency, Inc., supra*, Mr. Clark did not answer the complaint or otherwise appear in the case. He was, quite simply, in default. The question thus becomes whether the court, by taking evidence prior to reaching a judgment, could change Paul Clark's status from that of a defaulting defendant to that of a party against whom judgment was entered on the merits. If the judgment against Mr. Clark is on the merits, he is not entitled to the benefit of Ark. R. Civ. P. 55(c); if, on the other hand, the judgment is a default judgment, he is entitled to the benefit of the rule's liberal provisions for setting a default judgment aside.

██ If, by taking evidence against a party who has neither answered nor appeared, a court could cause a judgment on the merits to be entered against that party, the purpose of Rule 55(c) would be subverted. The reason for our amendment of the rule in 1990 was to foster judgments on the merits rather than on tech-

nicalities. *See In the Matter of Changes to the Arkansas Rules of Civil Procedure, the Arkansas Inferior Court Rules, and the Administrative Orders of the Supreme Court,* 304 Ark. 733 (1990), and the Reporter's Note to Rule 55. It would be wrong, though, to say that judgment is based on the merits when the underlying claim remains completely uncontested.

To permit a court to convert what would otherwise be a default judgment into one on the merits by taking evidence against someone not present in any sense of the word would be to compound the problem we sought to cure in the 1990 amendment. Such a judgment would be taken against one whose failure to appear might well fall within the circumstances enumerated in Rule 55(c), and yet that party would be deprived of the benefit of the rule.

Were the shoe on the other foot and Mr. Clark attempting to avoid a default judgment, he might be able to contend successfully that Ms. Clark's answer inured to his benefit. *See Smith v. Edwards,* 279 Ark. 79, 648 S.W.2d 482 (1983). Indeed, his counsel mentioned that possibility at the hearing on April 19, 1993. The rule permitting such an inurement was not, however, intended to apply — and, so far as we know, has never been applied — to the detriment of one in Paul Clark's position. For these reasons, we affirm the trial court's order setting aside the judgment against Paul Clark.

However, we reverse the trial court's order setting aside the judgment against Brenda Clark. That judgment must stand. She had answered the complaint and was not in default. She does not argue lack of notice of the application for judgment. *See* Ark. R. Civ. P. 55(b). The circuit court took evidence and decided her case on the merits.

The standard by which we review the granting or denial of a motion to vacate a default judgment is whether the trial court abused its discretion. *B & F Engineering, Inc.* v. *Cotroneo,* 309 Ark. 175, 830 S.W.2d 835 (1992). We hold that, with respect to Mr. Clark, there was no abuse of discretion by the circuit court.

Affirmed in part; reversed and remanded in part.