## McCOURT MANUFACTURING COMPANY
### v. CREDIT BUREAU of Fort Smith

93-1407                                        888 S.W.2d 650

Supreme Court of Arkansas
Opinion delivered December 12, 1994

*Thompson & Llewellyn, P.A.*, by: *M. Keith Blythe*, for appellant.

*Ronald W. Metcalf, P.A.*, for appellee.

Tom Glaze, Justice. On August 6, 1992, the appellee Credit Bureau of Fort Smith obtained a default judgment against Clayton Erwin Hickey in the amount of $400.00, plus $44.45 court costs and $75.00 attorney's fees. On October 21, 1992, Credit Bureau caused a writ of garnishment to issue with allegations and interrogatories attached. They were served on Hickey's employer, McCourt Manufacturing Company, on October 23,

1992. On that same date, McCourt Manufacturing wrote a letter to the court clerk, stating Hickey was owed $30.00 for three hours of work at the time the writ of garnishment was served. That letter was filed by the clerk on October 27, 1992. Apparently, McCourt Manufacturing never specifically answered the interrogatories.

On January 4, 1993, Credit Bureau filed a motion for judgment against McCourt Manufacturing pursuant to Ark. Code Ann. § 16-110-407 (Supp. 1993), alleging McCourt Manufacturing was liable for the full sum of the judgment upon which the writ of garnishment was issued. The municipal court set a hearing for February 24, 1993. By letter dated February 16, 1993, McCourt Manufacturing's president notified the court that he was going to be out of the country on the hearing date, and asked the court to continue the hearing to March. Receiving the letter on February 18, the municipal court denied McCourt Manufacturing's request as untimely. The trial court conducted its hearing on February 24th, but neither McCourt Manufacturing nor its president appeared. On March 11, the municipal court entered an order in which McCourt Manufacturing was ordered to pay $1,124.45, which included the amount of the original judgment against Hickey, plus interest, court costs and attorney's fees.

On June 23, 1993, McCourt Manufacturing filed a motion to set aside the March 11 judgment, and Credit Bureau filed a response, asserting the garnishee McCourt Manufacturing had failed to show a justifiable reason to set aside the judgment.[1] On July 20, the municipal court entered a short order denying McCourt Manufacturing's motion, and, for some unexplained reason, it entered another order dated July 21, denying the same motion, but this time, stating McCourt Manufacturing had failed to meet its burden of proof under ARCP Rule 55(c). On August 12, 1993, McCourt Manufacturing filed a motion with the circuit court to set aside the municipal court's "default judgment," and on September 27, 1993, the circuit court denied McCourt Manufacturing's motion. On October 6, 1993, McCourt Manufacturing filed a notice of appeal to this court from the circuit court's September 27 order and, for reversal, argues Arkansas's garnishment

---

[1]Prior to this time, McCourt Manufacturing had been acting pro se.

statutes are unconstitutional.[2] We are unable to reach McCourt Manufacturing's constitutional arguments because of jurisdictional reasons.

■ McCourt Manufacturing failed to file a timely appeal to circuit court pursuant to Inferior Ct. R. 9. Under that rule, a party has thirty days from entry of judgment to file an appeal. Here, the municipal court's judgment was entered against McCourt Manufacturing on March 11, 1993, but McCourt Manufacturing delayed until August 12, 1993, or five months, before filing its motion or appeal with the circuit court. Thus, the circuit court was without jurisdiction or authority to accept McCourt Manufacturing's untimely appeal from the March 11 judgment. *See Hawkins* v. *City of Prairie Grove*, 315 Ark. 150, 871 S.W.2d 357 (1994).

Although McCourt Manufacturing waited too late to file an appeal from the March 11 judgment, it filed a motion with the municipal court, asking that court to set aside its "default judgment" pursuant to ARCP Rule 55(c). Specifically, McCourt Manufacturing contended the municipal court's "default judgment" was void which is justifiable reason for setting aside a judgment under Rule 55(c)(2). After the municipal court denied the motion on July 21, 1993, McCourt Manufacturing appealed that denial order to circuit court on August 12, 1993 — well within thirty days. Thus, while McCourt Manufacturing concedes it was untimely to appeal from the municipal court's March 11 order, it contends its August 12 appeal from the July 21 order was timely.

McCourt Manufacturing's primary problem is its mischaracterization of the municipal judgment as being a "default judgment." As discussed earlier, McCourt Manufacturing filed an answer in this cause, and it later asked for a continuance. In its order giving judgment against McCourt Manufacturing to Credit Bureau, the municipal court did so upon "a review of the file and the answer filed by the garnishee, McCourt Manufacturing," and its finding that "McCourt Manufacturing is indebted to Clayton Erwin Hickey."

---

[1]McCourt Manufacturing's constitutional argument suggests the state's garnishment statutes fail to provide notice to garnishee-employers that they can be held liable for their employee's entire judgment if the employer fails to withhold the employee's nonexempt wages for a three-year period.

■ In sum, the record reflects that, while it or its representative failed to show at the February 24 trial, McCourt Manufacturing had answered and otherwise appeared in this matter by requesting a continuance. With McCourt Manufacturing's answer and other matters before it, the municipal court made its findings and reduced Credit Bureau's claim to judgment. Such judgment was entered upon the merits, and as a consequence, McCourt Manufacturing is not entitled to set it aside as a default judgment under ARCP Rule 55(c). *See M.* v. *Clark,* 316 Ark. 439, 872 S.W.2d 410 (1994). McCourt Manufacturing's remedy, if any, would have been under ARCP Rule 60(c). However, McCourt Manufacturing did not pursue that remedy, presumably because none of the grounds listed in Rule 60(c) are present here.

For the reasons given above, we must dismiss McCourt Manufacturing's appeal.