**CITY OF PALESTINE and Charles R. Oliphint, Appellants,**

v.

**Gloria RAMIREZ, Appellee.**

**No. 12–95–00137–CV.**

Court of Appeals of Texas, Tyler.

Jan. 26, 1996.

Charles Nickles, Palestine, for plaintiffs.

Douglas E. Lowe, Diane Hopkins, Palestine, for defendant.

HADDEN, Justice.

This is an interlocutory appeal arising from the denial of a motion for summary judgment. Appellants, the City of Palestine ("the City"), and its Chief of Police, Charles R. Oliphint ("Oliphint"), assert that the trial court erred when it denied their motion for summary judgment since Oliphint was entitled to qualified immunity. We will **reverse** and **render.**

Appellee, Gloria Ramirez ("Ramirez"), an employee of the City, worked as a police radio dispatcher and 9-1-1 operator. Oliphint was the Chief of Police for the City at all times pertinent to this case. Ramirez alleges that on October 29, 1992, she was injured when a chair collapsed underneath her while in the course of her employment with the City. On November 3, 1992, Ramirez initiated a workman's compensation claim for her injuries. The City, which is self-funded for workmen's compensation claim purposes, referred the claim to an insurance adjusting company, Claims Administrative Services. Ramirez was off work for several weeks until her physician released her to return to work on March 5, 1993. When Ramirez reported back to work, her regular shift was already being handled by the relief dispatcher. Oliphint instructed Ramirez to work a later shift until she could be placed back on her regular shift. Ramirez reported for work at the later shift but shortly thereafter abandoned that shift making it necessary for Oliphint to call in a street patrolman to finish Ramirez's assigned shift. On two occasions thereafter, Ramirez was

instructed by her immediate supervisor to report to Oliphint's office but she failed to do so on both occasions. Ramirez had been the subject of a number of prior disciplinary actions. On March 10, 1993, Ramirez was terminated by Oliphint for alleged disciplinary reasons.

Ramirez initiated suit against the City and Oliphint for wrongful discharge under Chapter 451 of the Texas Labor Code[1] and for alleged violations of Chapter 21 of the Texas Labor Code. Ramirez alleged discrimination, retaliation and unfair treatment committed by the City and by Oliphint. At the time of her discharge, Ramirez's workman's compensation claim was still pending.

In answering Ramirez' petition, the City and Oliphint denied all allegations and affirmatively pled the qualified immunity of Oliphint. The case was tried before a jury but ended in a mistrial because of a hung jury. Thereafter, the City and Oliphint filed their joint motion for summary judgment urging, *inter alia,* that Oliphint was entitled to qualified immunity from suit. In her response to the motion for summary judgment Ramirez asserted, *inter alia,* that the summary judgment evidence was insufficient to establish all of the elements of qualified immunity as a matter of law. Ramirez also argued that the affidavits in support of the motion were conclusionary and simply stated unsubstantiated opinions. After considering the summary judgment evidence, the trial court denied the Appellants' entire motion. Hence, the City and Oliphint have perfected this appeal as authorized by Tex.Civ.Prac. & Rem.Code Ann. § 51.014(5) (Vernon Supp.1995).[2]

In point one, the City and Oliphint allege that the trial court erred in denying their motion for summary judgment because Oliphint was protected by official immunity for acts performed in his individual capacity. The party moving for summary judgment has the burden of proving there is no genu-

---

1. Formerly Article 8307c of the Texas Worker's Compensation Act.

2. A person may appeal from an interlocutory order of a district court, county court at law, or county court that:

(5) ... denies a motion for summary judgment that is based on an assertion of immunity by an individual who is an officer or employee of the State or a political subdivision of the state; ....

ine issue of material fact and that it is entitled to judgment as a matter of law. TEX. R.CIV.P. 166a(c); *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548 (Tex. 1985). In reviewing an order on a motion for summary judgment we accept the evidence that favors the non-movant as true and we indulge all reasonable inferences and resolve doubts in favor of the non-movant. *Randall's Food Markets, Inc., v. Johnson,* 891 S.W.2d 640, 644 (Tex.1995). A defendant moving for summary judgment on an affirmative defense must conclusively prove all elements of that defense. A matter is conclusively established if ordinary minds could not differ as to the conclusion to be drawn from the evidence. *Triton Oil & Gas Corp. v. Marine Contractors & Supply, Inc.,* 644 S.W.2d 443, 446 (Tex.1982); *Swilley v. Hughes,* 488 S.W.2d 64, 67 (Tex.1972). Qualified immunity is an affirmative defense; the burden is on the defendant to establish each element of that defense. *City of Lancaster v. Chambers,* 883 S.W.2d 650, 653 (Tex.1994); *Rhodes v. Torres,* 901 S.W.2d 794, 797 (Tex. App.—Houston [14th Dist.] 1995, no writ).

■ Government officials are entitled to qualified immunity from suit arising from the performance of their 1) discretionary duties, 2) in good faith as long as they are 3) acting within the scope of their authority. *Chambers,* 883 S.W.2d at 653; *City of Hempstead v. Kmiec,* 902 S.W.2d 118, 120 (Tex.App.— Houston [1st Dist.] 1995, no writ); *Dear v. City of Irving,* 902 S.W.2d 731, 737 (Tex. App.—Austin, 1995, no writ). From the record before us, there appears to be no dispute that Oliphint was acting within the scope of his authority. Therefore, the remaining issues are (1) whether Oliphint was performing discretionary duties, and (2) whether he was acting in good faith in terminating Ramirez.

## DISCRETIONARY DUTIES

■ If an act on the part of the official involves personal deliberation, decision, and judgment, it is discretionary. *Chambers,* 883 S.W.2d at 654. However, if an act is such that the actor has no choice where the law prescribes and defines the duties to be performed with such precision as to leave nothing to the exercise of discretion or judgment, it is ministerial. *Id.; See Bartlett v. Cinemark USA, Inc.,* 908 S.W.2d 229, 238 (Tex. App.—Dallas 1995, no writ).

■ The record reflects that Oliphint considered Ramirez' prior disciplinary record in discharging her. Ramirez had previously received verbal reprimands, written reprimands, and suspensions without pay from her employment. At the time she was terminated, Oliphint had the discretion to either reprimand her again or to take other disciplinary measures, such as termination. It, therefore, appears from the record that Oliphint was performing a discretionary act as Chief of Police over his subordinate police dispatcher employee. *See Wyse v. Department of Public Safety,* 733 S.W.2d 224 (Tex. App.—Waco 1986, writ ref'd n.r.e.).

## GOOD FAITH

■ The remaining disputed element in the instant case is whether Oliphint acted in good faith. The summary judgment evidence shows that Ramirez had been progressively disciplined in compliance with the City's personnel policy and that the discipline included verbal reprimands, written reprimands, and suspensions without pay. Oliphint stated in his affidavit that Ramirez's termination was based upon her previous disciplinary record as well as her current insubordinate conduct. The affidavit of Judith Watlington ("Watlington"), an Assistant City Manager and Personnel Director, also shows that Ramirez had been repeatedly disciplined and that her termination by Oliphint was based upon her current conduct and her previous record.

The conduct of Oliphint appears to fall within the objective good faith standard announced in *Chambers.* There, the Supreme Court set up a standard of objective legal reasonableness in determining good faith. Under the facts in *Chambers,* the court held that the test is whether a reasonably prudent officer under the same or similar circumstances could have believed that the need to immediately apprehend the suspect outweighed the harm to the public of continuing the pursuit. *Chambers,* 883 S.W.2d at 656. Although *Chambers* involved a different factual context—the conduct of a police officer

during a high speed chase—the test laid down by the court was derived substantially from the federal good-faith test: whether a reasonable official could have believed his or her conduct to be lawful in light of clearly established law and the information possessed by the official at the time the conduct occurred. *Id.* (quoting *Swint v. City of Wadley,* 5 F.3d 1435, 1441–42 (11th Cir.1993); *see also Casas v. Gilliam,* 869 S.W.2d 671, 673 (Tex.App.—San Antonio 1994, no writ). The test is said to be analogous to the abuse of discretion standard of review in appellate courts: an abuse of discretion is shown only if the trial court could not have reasonably reached the decision in question. *Chambers,* 883 S.W.2d at 657.

■ In reviewing Oliphint's actions in light of his authority, it cannot be said that he acted unreasonably in terminating Ramirez. Qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law". *Chambers,* 883 S.W.2d at 656. The summary judgment affidavits of Oliphint and Watlington establish through factual assertions that Oliphint acted in good faith as a matter of law. We therefore hold that a reasonable official could have believed that discharging Ramirez was lawful in light of clearly established law and the information possessed by Oliphint at the time he discharged her.

In her response to Oliphint's claim of good faith, Ramirez asserts that two office memorandums, which discussed Ramirez's injury, contradict Oliphint's alleged good faith. Ramirez contends that the matters discussed in these memos raise a fact issue as to whether her workman's compensation claim was considered when she was terminated. These memos were produced through discovery from the files of the claims adjuster, Claims Administration Services. The first memo by "KN" of Claims Administrative Services dated Dec. 2, 1992, which was not directed to anyone but placed in the Gloria Ramirez file, stated:

"Barbara Thomas called and has a question as to [sic] clmt's [sic] complaint about her leg. She feels the clmt [sic] is spreading her injury. I told her that we are

checking into that and would get back to her."

Barbara Thomas was an employee of the City personnel department. The second memo was by Frank Hall to Kyle Norris both of Claims Administrative Services dated March 5, 1993. It stated:

"Barbara called back on Mon [sic] and said the clmt [sic] did not RTW (return to work) and said she did not like the shift she has been put on. Barbara wanted to know if the clmt [sic] was fire [sic] would the City be cited for wrongful termination 8307(c)"

However, these memos were generated by employees of the workman's compensation insurance adjuster, Claims Administrative Services, and simply reflect conversations between their employee and an employee of the personnel department of the City. They demonstrate a concern about Ramirez' claim but do not show that she was terminated because of her claim. Furthermore, Ramirez does not link the matters discussed in those memos to Oliphint or his decision to terminate Ramirez. Therefore, they are not material to the good faith of Oliphint. Ramirez' summary judgment evidence contains no evidence that she was discharged because of her workman's compensation claim.

Ramirez further argues that subjective assertions of good faith contained in the affidavits of Oliphint and Watlington cannot generally be "readily controverted" and therefore should not be utilized in support of a motion for summary judgment. *Garza v. Smith,* 860 S.W.2d 631, 634 (Tex.App.—Corpus Christi 1993, no writ). However, Oliphint's and Watlington's factual assertions bearing on good faith contained in their affidavits rise above mere subjective assertions because they are based on the factual allegations contained in the disciplinary history of Ramirez, and therefore could have been controverted by Ramirez. Point one is sustained.

Point two relates to the refusal of the trial court to admit certain exhibits into evidence during the trial of the case. This issue is not properly before us since the issue does not arise out of a final appealable judgment. Moreover, we have sustained point one and

therefore it is not necessary for us to address point two.

We conclude that Oliphint established his right to a summary judgment as a matter of law on the affirmative defense of qualified official immunity. The trial court therefore erred in denying Oliphint summary judgment. We **reverse** and **render** judgment that Ramirez take nothing against Oliphint.