Agustin DOVALINA, III and Jose Luis Martinez, Appellants,

v.

Leticia NUNO, et al., Appellees.

No. 04–00–00738–CV.

Court of Appeals of Texas, San Antonio.

March 28, 2001.

Albert Lopez, Lopez & Smith, P.C., San Antonio, for Appellant.

Wayne Colodny, Law Offices of Ronald A. Ramos, San Antonio, for Appellee.

Sitting: PHIL HARDBERGER, Chief Justice, ALMA L. LÓPEZ, Justice, KAREN ANGELINI, Justice.

## OPINION

PHIL HARDBERGER, Chief Justice

This is an accelerated appeal from a trial court's denial of a motion for summary judgment based on official immunity. Agustin Dovalina, III ("Dovalina") and Jose Luis Martinez ("Martinez") claim the trial court erred in denying their motion

for summary judgment because they established all of the elements of official immunity with respect to the claims pled by the appellees. We reverse the trial court's judgment and render judgment dismissing the claims against Dovalina and Martinez based on official immunity.

## BACKGROUND

Officer Juan Soliz ("Soliz") was hired by the Laredo Police Department in 1985. Martinez became chief of police in May of 1992. Dovalina succeeded Martinez as chief of police in July of 1996.

During Martinez's tenure as chief of police, several complaints of misconduct were filed against Soliz. Two of those complaints involved excessive use of force during an arrest.

The first complaint was filed by Dr. Oscar Benavides in October of 1995. The facts surrounding the incident were disputed. During the police department's investigation of Benavides's complaint, Martinez discovered that the Webb County District Attorney was also investigating Soliz regarding Benavides's arrest and was seeking an indictment against Soliz. Based on that information, Martinez did not take any action regarding the internal investigation, but elected to wait until the conclusion of the investigation by the district attorney.

The second complaint was filed by Leticia Nuno ("Nuno"). Nuno's complaint alleged that Soliz had used excessive force during her arrest on March 3, 1996. The facts surrounding the incident were disputed. Sometime in March of 1996, Martinez learned that a Webb County grand jury had returned indictments against Soliz, charging him with official oppression in connection with the arrests of Benavides and Nuno. On March 14, 1996, Soliz was placed on leave without pay until September of 1996, when he was suspended with-

out pay. Soliz was found guilty of the charges in January of 1997, and Soliz's employment was terminated on June 24, 1997.

On March 3, 1998, Nuno, individually and as next friend of Kristel Nuno, and Maria De Lourdes Nuno filed the underlying lawsuit. The petition alleged that Martinez and Dovalina were liable for "negligently hiring, training and supervising [Soliz]" and "for negligently failing to investigate complaints against [Soliz]." Martinez and Dovalina moved for summary judgment based on official immunity which the trial court denied. Martinez and Dovalina timely filed this appeal.

## STANDARD OF REVIEW

■ Official immunity is an affirmative defense that protects government employees from personal liability. *University of Houston v. Clark*, 22 S.W.3d 915, 918 (Tex.2000). To be entitled to official immunity, a government employee must establish that he was performing: (1) a discretionary duty; (2) within the scope of his authority; (3) in good faith. *Id.* at 918. Because official immunity is an affirmative defense, the government employee must conclusively prove each element of the defense to obtain summary judgment. *Id.* If the employee meets this burden, the plaintiff must then produce evidence raising a genuine issue of material fact to avoid the affirmative defense. *Alamo Workforce Development, Inc. v. Vann*, 21 S.W.3d 428, 431 (Tex.App.—San Antonio 2000, no pet.). In reviewing a summary judgment, an appellate court accepts as true all evidence supporting the non-movant. *Id.* All inferences are indulged in favor of the non-movant, and all doubts are resolved in his favor. *Id.*

In this case, the Nunos concede that Martinez and Dovalina were acting within

the scope of their authority; therefore, we only consider the discretionary duty and good faith elements.

### DISCRETIONARY FUNCTION

■ Discretionary actions involve personal deliberation, decision and judgment. *City of Lancaster v. Chambers*, 883 S.W.2d 650, 654 (Tex.1994); *Alamo Workforce Development, Inc. v. Vann*, 21 S.W.3d at 434. The Texas Supreme Court has noted prior case law suggesting that employee training and supervision may be discretionary duties. *See Harris County v. Dillard*, 883 S.W.2d 166, 170 (Tex.1994) (citing *County of Brazoria v. Radtke*, 566 S.W.2d 326, 330 (Tex.Civ.App.—Beaumont 1978, writ ref'd n.r.e.)). Numerous federal cases have held that the hiring, training, and supervision of employees is discretionary. *See, e.g., Nurse v. U.S.*, 226 F.3d 996, 1001 (9th Cir.2000); *Martin v. Malhoyt*, 830 F.2d 237, 245 (D.C.Cir.1987); *Gordon v. Ottumwa Comm. Sch. Dist.*, 115 F.Supp.2d 1077, 1088 (S.D.Iowa 2000); *Hughes v. City of Hartford*, 96 F.Supp.2d 114, 119 (D.Conn.2000); *Jackson v. Katy Ind. Sch. Dist.*, 951 F.Supp. 1293, 1306 (S.D.Tex.1996); *Newsome v. Webster*, 843 F.Supp. 1460, 1466 (S.D.Ga.1994). Although federal law does not determine whether a government employee's actions are discretionary for purposes of state law, the Texas Supreme Court has stated that an examination of federal immunity law is instructive. *City of Lancaster v. Chambers*, 883 S.W.2d at 654. Based on this precedent, we conclude that any actions by Martinez and Dovalina regarding the hiring, supervision and training of Soliz were discretionary acts.

■ The Nunos other complaint is that Martinez and Dovalina failed to investigate the complaints against Soliz. However, the summary judgment evidence conclusively established that the complaints against Soliz were investigated. Martinez stated in his affidavit that the complaints were investigated by the Internal Affairs Department. The letter informing Soliz of his suspension in August of 1996 also references the internal affairs investigation. The testimony of Leticia Nuno from Soliz's criminal trial was also part of the summary judgment evidence. Leticia testified that she filed her complaint with the district attorney's office on March 4, 1996. That same month, Martinez discovered that Soliz had been indicted, and Martinez placed Soliz on leave without pay on March 14, 1996. Soliz testified in his deposition, which also was part of the summary judgment evidence, that he became aware of the complaint filed by Benavides when he was called into the city manager's office and asked to explain his version of the incident. This testimony supports Martinez's statement that the complaints against Soliz were being investigated. Although Soliz testified that he initially became aware of the complaint filed by Nuno when he was called to testify before the grand jury, he also stated that no complaint was ever filed with the Laredo Police Department. Given the short time that elapsed between the date of the incident and the date Martinez discovered indictments had been returned against Soliz in relation to Nuno's complaint, Soliz's testimony that no one within the department had contacted him prior to his being called before the grand jury does not raise a fact issue as to whether the department was pursuing an investigation. Therefore, the summary judgment evidence conclusively established that the complaints against Soliz were being investigated. Assuming the Nunos' complaint relates to the manner in which the investigation was being pursued and the decisions made pending the investigation, both of these actions would involve personal deliberation, decision and judgment, and, therefore, would

be considered discretionary acts. *City of Hidalgo v. Prado,* 996 S.W.2d 364, 368 (Tex.App.—Corpus Christi 1999, no pet.); *City of Palestine v. Ramirez,* 925 S.W.2d 250, 253 (Tex.App.—Tyler 1996, no writ).

### GOOD FAITH

■ With regard to the good faith requirement, good faith is established when it is proved that a reasonably prudent government official, under the same or similar circumstances, could have believed that his actions were justified. *City of Lancaster v. Chambers,* 883 S.W.2d at 656. A government employee acts in bad faith only if he could not have reasonably reached the decision in question. *University of Houston v. Clark,* 22 S.W.3d at 918. Good faith can be established as a matter of law when the employee's factual recitation is otherwise supported by the evidence. *Alamo Workforce Development, Inc. v. Vann,* 21 S.W.3d at 435.

■ The summary judgment evidence conclusively established that neither Martinez nor Dovalina were involved in hiring Soliz. The summary judgment evidence also established that Dovalina was not responsible for supervising Soliz until July of 1996, which was after Soliz had already been placed on leave without pay. With regard to the claims against Martinez for negligent training and supervision, Martinez's affidavit established that Soliz had received the state-mandated training program in the use of force and false arrest. Martinez's affidavit also established that Soliz was subject to supervision through the department's chain of command. The Nunos failed to present any controverting evidence sufficient to raise a fact issue regarding the adequacy of Soliz's training or supervision. With regard to the claim for negligent failure to investigate the complaints, the summary judgment evidence conclusively established

that the complaints were investigated. Martinez's affidavit further established that he believed it was prudent to await the outcome of the district attorney's investigation before taking action on the complaints made by Benavides and Nuno because the facts were disputed. The Nunos failed to present any summary judgment evidence that Martinez could not have reasonably reached that decision.

### CONCLUSION

The summary judgment evidence conclusively established each element of the affirmative defense of official immunity as asserted by Martinez and Dovalina. The trial court erred in denying their motion for summary judgment. The trial court's judgment is reversed, and judgment is rendered dismissing the Nunos' claims against Martinez and Dovalina.