No. 04-02-00409-CV



CITY OF LAREDO,


Appellant



v.



Leticia NUNO, et al.,


Appellees



From the 49th Judicial District Court, Webb County, Texas


Trial Court No. 1998CVT00235-D1


Honorable Manuel R. Flores, Judge Presiding



Opinion by: Phil Hardberger, Chief Justice


Sitting: Phil Hardberger, Chief Justice

 Paul W. Green, Justice

 Sarah B. Duncan, Justice


Delivered and Filed: November 27, 2002


REVERSED AND DISMISSED

 The City of Laredo appeals the trial court's order denying its plea to the jurisdiction. The City
contends that the trial court erred in denying its plea because its governmental immunity was not
waived. We reverse the trial court's order and dismiss the claims against the City.



Background


 The underlying lawsuit arises out of actions taken during Leticia Nuno's arrest. Leticia's
sister, Maria De Lourdes Nuno, and minor daughter, Kristel Nuno, were passengers in the car at the
time of Leticia's arrest. Leticia, individually and as next friend of Kristel, and Maria filed the
underlying lawsuit against the City, Officer Jesus Soliz, Jr., six unidentified officers, the current chief
of police (Agustin Dovalina, III), and the former chief of police (Jose Luis Martinez). In a separate
criminal action, Soliz was convicted of official oppression for his actions.

 The Nunos' petition and the statements Leticia and Maria gave to the police state that the
Nunos were traveling on San Bernardo around 10:00 p.m. As they approached a heavily congested
area, Leticia turned onto Sherman Street and into an Auto Zone parking lot. Upon entering the
parking lot, Leticia saw a police officer giving a traffic ticket to another driver. As Leticia began to
back up, Soliz motioned her across the parking lot. Leticia drove over to Soliz, and Soliz gave
Leticia a ticket for driving through the parking lot. Leticia then began to follow the driver of the
other vehicle that was ticketed to the exit onto San Bernardo Street. Soliz ran to Leticia's vehicle,
banged on it, and ordered her to stop. Soliz's actions dented the vehicle. Soliz ordered Leticia not
to use that exit and to stop.

 Leticia pulled onto a side street and stopped. As Leticia began to exit her vehicle, Soliz
dragged her from the vehicle, threw her against the side, hit her in the back with his handcuffs, and
kicked her on the legs. Soliz also hit Leticia's face against the car and used a lot of profanity. Soliz
grabbed Leticia's breasts and was "rubbing his private part against [her] behind." Kristel started
crying and screaming. Soliz incorrectly applied the handcuffs, resulting in the handcuffs slipping off
Leticia's wrist. Soliz then applied the handcuffs to Leticia's wrist and leg. Soliz forced Leticia into
the police vehicle, causing her additional injuries, and Soliz impounded Leticia's car. 

 The petition states that six other unidentified officers were present on the scene and
negligently failed to act. In her statement, Leticia stated that six other police officers at the scene
observed Soliz's actions. One officer told Soliz to "take it easy." The officer told Leticia that he did
not know what she had done to upset Soliz. Maria also stated that other police officers at the scene
were standing by and watching how violent Soliz was acting.

 The Nunos asserted negligence and gross negligence claims against the City. Specifically, the
Nunos pleading alleged that the City was liable for the following negligent acts:


 Soliz's failure to properly apply the handcuffs used in Leticia's arrest;

 Soliz's failure to properly place Leticia in the police vehicle;

 Soliz's failure to properly apply the laws in impounding Leticia's vehicle;

 Soliz's assault of Leticia;

 Soliz's negligence in arresting and physically injuring Leticia in front of Kristel and
Maria;

 Soliz's negligent indifference in leaving Kristel and Maria stranded without a means
to return home;

 The six unidentified police officers' negligent indifference to the physical safety of the
Plaintiffs, the misuse of property in the arrest of Leticia, the abandonment of Kristel
and Maria, and the impoundment of Leticia's vehicle;

 The six unidentified police officers' breach of their duty to arrest Soliz at the scene
of Leticia's arrest; and

 The City's negligent failure to investigate complaints against Soliz.



 In its plea to the jurisdiction, the City contended that the Nunos' claims are actually
intentional tort claims barred by the Texas Tort Claims Act. In the alternative, the City asserted that
the claims are barred because the injuries were not caused by "a condition or use of tangible personal
or real property" or the "operation or use of a motor-driven vehicle or motor-driven equipment." The
City further asserted that the Nunos were attempting to circumvent the intentional tort exception of
the Act by pleading that intentional tort actions were performed negligently. The City attached the
jury charge in which Soliz was found guilty of official oppression for the actions he took in arresting
Leticia. The City also attached the statements made by Leticia and Maria to the police regarding the
incident. Finally, the City attached this court's earlier opinion, asserting that the City was immune
from the failure to investigate claim because the police chiefs were found to be immune. The Nunos
did not file a response. The trial court denied the City's plea, and the City timely appealed.

Standard of Review


 A trial court's ruling on a plea to the trial court's subject matter jurisdiction is reviewed de
novo. Herring v. Welborn, 27 S.W.3d 132, 136 (Tex. App.--San Antonio 2000, pet. denied);
Rylander v. Caldwell, 23 S.W.3d 132, 135 (Tex. App.--Austin 2000, no pet.). "[A] court deciding
a plea to the jurisdiction is not required to look solely to the pleadings but may consider evidence and
must do so when necessary to resolve the jurisdictional issues raised." Bland Ind. Sch. Dist. v. Blue,
34 S.W.3d 547, 555 (Tex. 2000). "The court should, of course, confine itself to the evidence relevant
to the jurisdictional issue." Id.

Discussion


 The Texas Tort Claims Act ("Act") creates a limited waiver of sovereign immunity; however,
the waiver of immunity contained in the Act does not extend to claims arising out of intentional torts.
See Medrano v. City of Pearsall, 989 S.W.2d 141, 144 (Tex. App.--San Antonio 1999, no pet.);
Tex. Civ. Prac. & Rem. Code Ann. § 101.057(2) (Vernon 1997). Although a governmental unit
is immune from claims arising out of intentional torts, an injured party may still pursue a separate
negligence claim arising out of the same facts. Young v. City of Dimmitt, 787 S.W.2d 50, 51 (Tex.
1990); Medrano, 989 S.W.2d at 144. "[W]here the focus of a party's claim is on the governmental
unit's negligent conduct, not the intentional conduct of its employee, the claim will not be said to
arise out of the intentional tort." Medrano, 989 S.W.2d at 144. However, the intentional tort
exception cannot be circumvented merely by alleging that the governmental unit was negligent in
supervising the employee-tortfeasor. Delaney v. Univ. of Houston, 835 S.W.2d 56, 60 (Tex. 1992);
Medrano, 989 S.W.2d at 144.

 The focus of several of the claims asserted by the Nunos is on Soliz's intentional tortious
conduct despite the Nunos' efforts to phrase the claims in terms of negligence. For example, Soliz's
failure to properly apply the handcuffs and failure to properly place Leticia in the police vehicle are
based on Soliz's intentional tortious act of using excessive force to arrest Leticia. In addition, Soliz's
failure to properly apply the laws in impounding Leticia's vehicle and his negligent indifference in
leaving Kristel and Maria stranded relate to his intentional decision to illegally seize Leticia's car. See
Texas Dept. of Public Safety v. Petta, 44 S.W.3d 575, 580 (Tex. 2001) (holding claim that officer
was negligent in ignoring police procedure was an intentional act). Furthermore, the assault of
Leticia and Soliz's actions in arresting and injuring Leticia arise from Soliz's intentional tortious
conduct.

 Although the actions or omissions of the unidentified police officers might have given rise to
a separate negligence claim, immunity is only waived under the Act for three specific areas of liability:
(1) injury caused by an employee's use of a motor-driven vehicle; (2) injury caused by a condition or
use of tangible personal property; and (3) claims arising from premises defects. Medrano, 989
S.W.2d at 144. The claims regarding the negligent indifference of the unidentified police officers and
their failure to arrest Soliz do not fit within any of these areas.

 Finally, the Nunos assert that the City was negligent in failing to investigate complaints against
Soliz. In Dovalina v. Nuno, we held that the police chiefs responsible for any such investigation were
immune from the Nunos' claim. 48 S.W.3d 279 (Tex. App.--San Antonio 2001, no pet.). A
governmental unit is immune from suit if its employee has no liability because of official immunity.
DeWitt v. Harris County, 904 S.W.2d 650, 654 (Tex. 1995). The Nunos refer to Soliz's failure to
assert official immunity; however, the Nunos cannot contend that the City was negligent for Soliz's
failure to investigate because Soliz was not responsible for investigating his own alleged wrongful
acts.

 The Nunos allude to a claim for negligently implementing the policy of handing out citations
in the Auto Zone parking lot, which they refer to as the "San Bernardo detail." The Nunos also refer
to a claim that the City negligently implemented its policies by failing to train and supervise the
officers regarding the "San Bernardo detail." First, these claims are not included in the petition.
Second, the Nunos do not set forth any specific policy that they claim was negligently implemented.
The Nunos cannot circumvent the intentional tort exception without specific factual allegations to
support the existence or formulation of the policy they claim was negligently implemented. See
Medrano, 989 S.W.2d at 144-45; cf. City of San Augustine v. Parrish, 10 S.W.3d 734, 740 (Tex.
App.--Tyler 1999, pet. dism'd w.o.j.) (upholding claim for negligent implementation of policy where
plaintiffs complained that a police officer was negligent in carrying out policies set forth in a police
department manual).

 The Nunos also contend that their claims arise out of the operation or use of a motor vehicle.
First, the use of the motor vehicle was in furtherance of Soliz's tortious acts. Second, to the extent
Leticia was injured while being placed in the police vehicle, the vehicle did no more than furnish the
condition that made the injury possible. See Dallas County Mental Health & Mental Retardation v.
Bossley, 968 S.W.2d 339 (Tex. 1998).

 This case is similar to the Texas Supreme Court's recent decision in Texas Dept. of Public
Safety v. Petta, 44 S.W.3d 575 (Tex. 2001). In that case, Petta sued a DPS trooper, Rivera, asserting
various claims relating to actions Rivera took in attempting to arrest Petta. Id. at 577. The result of
the actions taken is different because in that case Petta was convicted of fleeing or attempting to
elude a police officer; however, the analysis with regard to Petta's claims against the Texas
Department of Public Safety is similar. See id. at 576. Petta asserted that the Department was liable
for the injuries caused by Rivera's wrongful acts and negligence during the traffic stop and subsequent
chase on the grounds that the Department negligently trained and supervised Rivera. Id. at 577. In
analyzing this claim, the court noted that the conduct Petta complained of was the same conduct that
formed the basis of her assault and battery claim against Rivera. Id. at 580. After acknowledging
that immunity is waived with regard to a claim that an officer negligently carried out governmental
policy, the court held that Petta did not allege facts demonstrating that Rivera negligently
implemented policy. Id. The court reasoned: "To support her negligence claim, Petta alleges that
Rivera negligently ignored police procedure by continuing the pursuit, and that Rivera negligently
ignored an order not to shoot at her car. But these too are intentional rather than negligent acts, and
thus do not fall within the waiver of sovereign immunity." Id.


Conclusion


 Because the City's governmental immunity was not waived with regard to the claims asserted
by the Nunos, the trial court's order is reversed and the claims against the City are dismissed.


 Phil Hardberger, Chief Justice


PUBLISH