816 A.2d 113

John S. FARRELL, et al.,

v.

Betty Jean THEURER, et al.

No. 1726, Sept. Term, 2001.

Court of Special Appeals of Maryland.

Feb. 5, 2003.

William A. Snoddy, Associate County Atty. (Sean D. Wallace, County Atty., John A. Bielec, Deputy County Atty. and Shalisha Hines Ivy, Associate County Atty., on the brief), Upper Marlboro, for appellants.

Robert Earl Wilson (Wilson & Parlett, Eugene E. Pitrof and Pitrof & Starkey, on the brief), Upper Marlboro, for appellees.

Argued before MURPHY, C.J., and JAMES R. EYLER, ROBERT F. FISCHER (Retired, specially assigned), JJ.

ROBERT F. FISCHER, Judge, Retired, Specially Assigned.

■ This appeal is from an interlocutory order of the Circuit Court for Prince George's County denying appellants' motion for summary judgment. The order appealed from is an exception to the general rule barring appellate review of the denial of a motion for summary judgment. Since appellants have interposed a plea of immunity, the instant appeal is properly taken. *Mandel v. O'Hara*, 320 Md. 103, 134, 576 A.2d 766 (1990).

Appellants are Prince George's County Police Officers who were sued for their role in conducting an alcohol workshop training program. Appellees brought suit in their individual capacities as personal representatives of the estate of Daniel Lee Theurer, deceased, who died some time after participating in the training program.

Appellants have raised three issues for our consideration.

I.    Are appellants entitled to public official immunity?

II.   Were appellants' actions the proximate cause of appellee's injuries?

III.  Did the decedent assume the risk of injury when he drove a motorcycle after voluntarily becoming intoxicated?

Since we hold that appellants are entitled to public official immunity, we need not consider issues two and three.

## FACTS

On September 10, 1998, the decedent, Daniel Lee Theurer, volunteered to participate in the Prince George's County Police Department's alcohol workshop training program for recruits. The volunteers are administered measured doses of an alcoholic beverage and their blood alcohol levels are monitored and recorded. At various times during the alcohol consumption period, the police recruits practice upon the volunteers sobriety tests and blood alcohol concentration tests.

The volunteers are chosen primarily from officers' spouses and friends, other police department personnel, and occasionally firefighters. The decedent, Daniel Theurer, agreed to participate as a volunteer when he observed a police officer obtaining ice for the workshop program at the firehouse where Theurer was a volunteer firefighter lieutenant. Scott Ainsworth, the police officer who recruited Theurer for the workshop, had known Thuerer for eighteen months prior to September 10, 1998. Officer Ainsworth knew Theurer to be a responsible person.

Daniel Theurer signed a Statement of Informed Consent in which he acknowledged that he understood he would consume alcohol and might become impaired or intoxicated. He further specifically agreed he would not drive a motor vehicle for at least twelve hours following completion of the program.

At the conclusion of the training program, Officer Ainsworth drove Theurer back to the Upper Marlboro firehouse where he had, prior to the workshop, met Theurer. The return to the firehouse was in accordance with Daniel Theurer's request. He had apparently expected to meet a girlfriend there who was to drive him home. Theurer, however, drove himself home. Unfortunately, arriving at his home, Theurer continued to consume alcoholic beverages. By way of affidavit, Jamie Lynn Pritchard testified that he observed Theurer drink at least eight cans of beer the evening of September 10, 1998. Theurer then, inexplicably, took a motorcycle, after having been told not to do so, and drove off at a high rate of speed. He subsequently lost control of the vehicle, crashed and suffered fatal injuries.

## STANDARD OF REVIEW

The standard for appellate review of a trial court's grant or denial of a Motion for Summary Judgment is whether the trial court was legally correct, since in considering a Motion for Summary Judgment the trial court decides questions of law, not fact. *Heat and Power Corp. v. Air Products & Chemicals, Inc.*, 320 Md. 584, 591–92, 578 A.2d 1202 (1990).

## ARGUMENT

Appellants contend they are entitled to summary judgment in their favor, because they, as police officers, are entitled to public official immunity.

The immunity granted to public officials in Maryland is codified at Md.Code (1974, 2002 Repl.Vol.), § 5–507(b)(1) of the Courts & Judicial Proceedings Article, as follows:

An official of a municipal corporation, while acting in a discretionary capacity, without malice, and within the scope

of the official's employment or authority shall be immune as an official or individual from any civil liability for the performance of the action.

Appellees disagree on the basis that appellants' actions, as applied to this case, were ministerial duties and not discretionary functions.

Appellees cite *James v. Prince George's County*, 288 Md. 315, 326–27, 418 A.2d 1173 (1980) (quoting *Doeg v. Cook*, 126 Cal. 213, 58 P. 707, 708 (1899)), as follows:

"Where [a public officer's] duty is absolute, certain, and imperative, involving merely the execution of a set task—in other words, is simply ministerial—he is liable in damages to anyone specifically injured either by his omitting to perform the task, or by performing it negligently or unskillfully. On the other hand, where his powers are discretionary, to be exerted or withheld according to his own judgment as to what is necessary and proper, he is not liable to any private persons for a neglect to exercise those powers, nor for the consequences of a lawful exercise of them, where no corruption or malice can be imputed, and he keeps within the scope of his authority."

Appellees also cite *Schneider v. Hawkins*, 179 Md. 21, 25, 16 A.2d 861 (1940), wherein the Court of Appeals stated:

The term "discretion" denotes freedom to act according to one's judgment in the absence of a hard and fast rule. When applied to public officials, "discretion" is the power conferred upon them by law to act officially under certain circumstances according to the dictates of their own judgment and conscience and uncontrolled by the judgment or conscience of others.

In *James*, the Court of Appeals held that the operation of a motor vehicle by a public official is a mere ministerial act and not "ordinarily a discretionary act for which immunity will shield the driver from liability for negligence." 288 Md. at 328, 418 A.2d 1173.

On the other hand, appellants point out that while *James* found the operation of a motor vehicle to be a ministerial act,

other cases involving decision making by police officers were found to be discretionary acts entitling the officers to public official immunity.

In *DiPino v. Davis*, 354 Md. 18, 49, 729 A.2d 354 (1999), it was held that a police officer who applied for a statement of charges against an individual was acting in a discretionary capacity. A mistaken arrest of a suspect in a suspected stolen automobile was held to be a discretionary act in *Williams v. Prince George's County*, 112 Md.App. 526, 550–51, 685 A.2d 884 (1996). The conduct of a public meeting by a public official was held to be a discretionary act in *Arrington v. Moore*, 31 Md.App. 448, 455–56, 358 A.2d 909, *cert. denied* 278 Md. 729 (1976).

Admittedly, the factual posture of the instant case is not as clear as when an officer uses his discretion to make an arrest. It appears to us, however, that the decisions made by appellant, Ainsworth, were purely discretionary. He had absolute discretion with respect to involving the decedent in the training program, and to what extent. In addition, he exercised his discretion in deciding to return decedent to the firehouse rather than some other location. The manner in which the workshop was administered was entirely at the discretion of those entrusted with the duty of conducting it. Certainly, the act of training police officers is discretionary since decisions concerning how to train police officers require the use of judgment and discretion. Other jurisdictions considering this issue have reached the same conclusion. *See, e.g., Hughes v. City of Hartford*, 96 F.Supp.2d 114, 119 (D.Conn.2000)(consideration of how to train police officers involves the use of judgment and discretion—applying Connecticut law); *Dovalina v. Nuno*, 48 S.W.3d 279, 282 (Tex.App.-San Antonio 2001, no pet.)(training of police officers is discretionary duty); *White v. City of Vassar*, 157 Mich.App. 282, 286, 403 N.W.2d 124, 126 (1987)("protecting the safety of the city's citizens by hiring and training police officers is a governmental function"); *Cook v. City of Detroit*, 125 Mich.App. 724, 733, 337 N.W.2d 277, 281 (1983)(police department is immune from claims of active negligence in hiring, training, and supervising officers).

It is clear that appellants, as police officers, are public officials. They are entitled to immunity for their discretionary acts in the absence of malice. No malice had been alleged, and the actions of the police officers in this case were discretionary acts. It, therefore, follows that the circuit court erred in denying appellants' motion for summary judgment as to Counts II and IV.

We note an anomaly in the record in this case. The docket entries state that on November 9, 2000, Judge Whalen granted appellants' motion to dismiss Counts I and III and denied the motion as to Counts II and IV. There is, however, no order in the file in accordance with the action as shown in the docket entries. The docket entries also indicate that on October 25, 2001, Judge Whalen denied summary judgment as to Counts II and IV. This is the order appealed from. As noted, however, there is no written order in accordance with Md. Rule 2–601 showing the disposition of Counts I and III.

Prior to filing this opinion, we requested that the required action be taken with respect to Counts I and III of the complaint. Subsequently, the Clerk of the Circuit Court for Prince George's County certified that the circuit court has filed the requisite order.

**JUDGMENT REVERSED. CASE REMANDED TO THE CIRCUIT COURT FOR PRINCE GEORGE'S COUNTY FOR ENTRY OF AN ORDER CONSISTENT WITH THIS OPINION.**

**COSTS TO BE PAID BY APPELLEES.**