827 A.2d 122

**Betty Jean THEURER, et al.,**

v.

**John S. FARRELL, et al.**

**No. 26, Sept. Term, 2003.**

Court of Appeals of Maryland.

June 19, 2003.

**66**

Robert Earl Wilson (Wilson & Parlett), Upper Marlboro, for Petitioners.

Leonard L. Lucchi, John A. Bielec and Shalisha Hines Ivy, Upper Marlboro, for Respondents.

Submitte before BELL, C.J. and ELDRIDGE, RAKER, WILNER, CATHELL, HARRELL and BATTAGLIA, JJ.

ELDRIDGE, J.

The petitioners, Betty Jean Theurer and Donald Lee Theurer, are the parents of Daniel Lee Theurer who died on September 11, 1998, as a result of a motor vehicle accident allegedly caused by Daniel's intoxication. At the time of his death, Daniel was unmarried and had no children. Prior to

the accident, Daniel had been a volunteer participant in a Prince George's County Police Department "Driving While Intoxicated training program" for police officers, during which program Daniel allegedly consumed a large quantity of alcoholic beverages. It was alleged that the alcoholic beverages, administered to Daniel by police officials as part of the program, rendered Daniel "helpless" and "unable to protect himself."

Betty Jean Theurer, as personal representative of Daniel's estate, and Betty Jean Theurer and Donald Lee Theurer individually, instituted this wrongful death and survival action by filing, in the Circuit Court for Prince George's County, a complaint against the Prince George's County Chief of Police and several other officials of the Prince George's County Police Department. Counts one and two of the complaint related to the wrongful death claim, with count one asserting strict liability and count two asserting negligence. Counts three and four concerned the survival action, with count three sounding in strict liability and count four sounding in negligence.

The defendants filed a motion to dismiss or for summary judgment, and, according to the docket entries and the parties, the Circuit Court dismissed counts one and three.[1] After considerable discovery, the defendants filed a motion for summary judgment on counts two and four, asserting public official immunity. The Circuit Court denied this motion, and the defendants immediately noted an appeal to the Court of Special Appeals. After the filing of the notice of appeal, the defendants filed a motion in the Circuit Court to stay all proceedings, and the court granted this motion.

The Court of Special Appeals, in a reported opinion, held that the interlocutory order denying the defendants' motion for summary judgment on counts two and four was appealable under the collateral order doctrine. The intermediate appel-

---

1. As pointed out in the opinion of the Court of Special Appeals, however, the record contains no written order dismissing counts one and three.

late court also held that the Circuit Court erred in denying the motion. *Farrell v. Theurer,* 149 Md.App. 424, 816 A.2d 113 (2003). The Court of Special Appeals' entire appealability holding was as follows (149 Md.App. at 425, 816 A.2d at 113–114):

> "This appeal is from an interlocutory order of the Circuit Court for Prince George's County denying appellants' motion for summary judgment. The order appealed from is an exception to the general rule barring appellate review of the denial of a motion for summary judgment. Since appellants have interposed a plea of immunity, the instant appeal is properly taken."

The plaintiffs filed in this Court a petition for a writ of certiorari which we have granted. In *Dawkins v. Baltimore Police Department,* 2003 WL 21403739, 376 Md. 53, 827 A.2d 115 (2003), an opinion which we have filed today, this Court held that interlocutory orders denying immunity defenses generally are not appealable under the collateral order doctrine. In light of *Dawkins,* as well as numerous other Court of Appeals' cases discussed therein, the judgment of the Court of Special Appeals must be summarily reversed and this appeal must be dismissed.

*JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED, AND CASE REMANDED TO THAT COURT WITH DIRECTIONS TO DISMISS THE APPEAL. COSTS IN THIS COURT AND IN THE COURT OF SPECIAL APPEALS TO BE PAID BY THE RESPONDENTS.*